**XEROX CORPORATION, Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.**

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Plaintiff,**

v.

**XEROX CORPORATION, Defendant.**

Nos. 70 Civ. 1596–DNE, 73 Civ. 3421–DNE and 76 Civ. 2345–DNE.

United States District Court, S. D. New York.

Oct. 26, 1977.

---

See also D.C., 75 F.R.D. 668.

Brumbaugh, Graves, Donohue & Raymond, New York City, for Xerox Corp.

Fish & Neave, New York City, for International Business Machines Corp.

## MEMORANDUM

EDELSTEIN, Chief Judge:

During the months of March and April of 1970, Elmer Galbi, an "in-house" attorney for International Business Machines Corporation [hereinafter IBM] conducted an investigation within IBM in anticipation of litigation against IBM by Xerox Corporation [hereinafter Xerox], which was ultimately brought on April 21, 1970.[1] This investigation was undertaken by Mr. Galbi in an attempt to determine the path which Xerox trade secrets are alleged to have taken through IBM and the use of those trade secrets by IBM. Mr. Galbi interviewed 37 IBM employees during his investigation and made notes of those interviews. These notes are referred to as the "Galbi Notes."

Xerox, believing the flow of its trade secrets through IBM and the use of them by IBM to be important to its case, undertook to depose 23 of the 37 employees interviewed by Mr. Galbi, as well as Mr. Galbi himself. It was not possible for Xerox to elicit the information it desired through these depositions,[2] and Xerox thus sought production of the Galbi Notes. IBM resisted production, claiming that the notes constituted attorney's work product within the meaning of Fed.R.Civ.P. 26(b)(3).[3] Moreover, IBM argued that Xerox had not made a sufficient showing of substantial need and undue hardship to warrant production.

The production of the Galbi Notes was the subject of a Report and Recommendation of the Special Master, dated February 21, 1974 and a subsequent opinion of this court, dated July 23, 1974.[4] The court, following an extended discussion of attorney work product protection, found that Xerox "clearly made a sufficient showing of substantial need and undue hardship [to entitle it] to *some* of the Galbi notes."[5] IBM was ordered to make available to Xerox the

1. *Xerox Corp. v. International Business Mach. Corp.,* 64 F.R.D. 367, 375 (S.D.N.Y.1974). The action commenced on April 21, 1970 is civil action 70 Civ. 1596 (DNE). That action and two subsequent actions involving the same parties, 73 Civ. 3421 (DNE) and 76 Civ. 2345 (DNE), have since been consolidated for all purposes.

2. *Xerox Corp. v. International Business Mach. Corp.,* 64 F.R.D. 367, 375 (S.D.N.Y.1974).

3. Rule 26(b)(3) states:
    *Trial Preparation: Materials.* Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

4. *Xerox Corp. v. International Business Mach. Corp.,* 64 F.R.D. 367, 375–82 (S.D.N.Y.1974).

5. *Id.* at 382 [emphasis added].

Galbi Notes of "the 23 witnesses who were interviewed by Galbi and who were deposed by Xerox but who were unable to furnish any information to Xerox." [6] A procedure for this was set forth by the court:

IBM is to produce the notes to the court so that the court might determine which portions, if any, of the notes are privileged and can be protected from disclosure. After reviewing the notes and making any deletions which the court deems to be appropriate, the expurgated version of the notes shall be turned over to Xerox. [7]

Having determined Xerox's entitlement to some of the Galbi Notes, the court addressed the issue of production of the notes of interviews of the 14 remaining IBM employees. Xerox had not at that time deposed any of those 14 employees, and the court found that Xerox had not made a sufficient showing to warrant production of the Galbi Notes concerning them. The court did state, however, that

if Xerox should attempt to depose these persons, and if their recollections are no better than the recollections of the other group, the Galbi notes of the interviews of these 14 witnesses, upon proper application to the court by Xerox, shall be turned over to the court in accordance with [the procedures set forth for production of the Galbi Notes of the 23 witnesses deposed by Xerox]. [8]

Xerox has now moved this court for an order to compel IBM to produce the balance of the Galbi Notes. Xerox alleges that it has deposed ten of the fourteen IBM employees the Galbi Notes of whose interviews are here in issue. These ten persons are Messrs. Willard K. Banks, Edward W. Brown, Peter J. DeGeorge, Necdet Erez, Peter H. Gomulka, Robert W. Greaves, George E. Makie, Trigg Noyes, Carl A.

Queener and Richard H. Skovlin. In addition, Xerox states on information and belief that Mr. James T. Smith is now deceased. [9]

Xerox contends that the recollection of this group of Galbi witnesses is no better than that of the earlier group of twenty-three persons as to whom the court previously ordered production of the Galbi Notes to Xerox. In support of this, Xerox has provided excerpts of transcripts of the depositions of eight of the ten IBM employees it has deposed.

IBM opposes Xerox's motion, claiming that Xerox has failed to show any entitlement to production of the balance of the Galbi Notes. IBM argues that Xerox has failed to make a showing of substantial need and undue hardship. [10] IBM argues further that production of the Galbi Notes of those persons not deposed by Xerox is not properly in issue here. In addition, IBM states with respect to Edward W. Brown that the Galbi Notes reflect and relate to legal assistance, opinions and advice given by Brown, an attorney, to Galbi, and that Galbi consulted Brown as an attorney for IBM and sought such assistance and advice.

In spite of IBM's remonstrance, the court is persuaded that Xerox is entitled to production of the balance of the Galbi Notes. Of the 37 IBM employees who were the subjects of interviews by Galbi, Xerox has deposed 33. There is no reason to believe that the recollections of those persons not yet deposed would be any better than those already deposed by Xerox. Any likelihood of recollection is further dimmed by the fact that the Galbi Notes are the results of an investigation conducted in 1970. The court is constrained to conclude that Xerox has exhausted its alternative means for eliciting the information which it now seeks through production of the balance of the

6. *Id.*

7. *Id.*

8. *Id.*

9. Affidavit of Frank W. Ford, Jr. in Support of Xerox's Motion for Production of the Balance of the Galbi Notes, dated January 21, 1977, at

¶ 4. Nothing in IBM's papers on this motion indicates that Xerox's statement that Mr. Smith is now deceased is in error.

10. IBM adds that as to five of the 10 persons deposed by Xerox, there are no heretofore unproduced Galbi Notes.

Galbi Notes. Accordingly, Xerox's motion is granted.

IBM has submitted to the court a copy of the Galbi Notes relating to Messrs. Brown, DeGeorge, Makie, Noyes, Queener and Smith. The court has reviewed those notes and found no expurgation of any portion of them warranted. Moreover, in reviewing the Galbi Notes concerning Edward W. Brown, the court has found nothing to warrant IBM's withholding production to Xerox for reasons that the notes reflect and relate to legal assistance, opinions and advice.

IBM is therefore ordered to produce to Xerox, not later than November 7, 1977, the Galbi Notes which were not previously ordered produced by the court in its opinion of July 23, 1974. Nothing in this Memorandum shall be construed to preclude IBM, prior to producing the notes to Xerox, from submitting any remaining Galbi Notes to the court for a determination of whether any portions of those notes should be expurgated.

So ordered.