**Donald ROSS and Victoria J. Ross, Plaintiffs,**

v.

**Richard E. BOLTON, R.E. Bolton & Company, Inc. and Forbes, Walsh, Kelly & Co., Inc., Defendants.**

**No. 83 Civ. 8244 (WK).**

United States District Court, S.D. New York.

Jan. 30, 1985.

Lawrence Iason, New York City, N.Y., for plaintiffs.

Gusrae, Kaplan & Bruno by Martin H. Kaplan, Mark J. Astarita, New York City, for defendants.

Andrew McR. Barnes, Association Gen. Counsel, Washington, D.C., for National Association of Securities Dealers, Inc.

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

Plaintiffs and defendants have moved to compel the National Association of Securities Dealers ("NASD" or "Association"), which is not a party to this action, to comply with subpoenas to produce certain materials from its investigative files. These materials relate to the NASD's investigation into illegal trading in the securities of Resort and Urban Timesharing, Inc. ("RUTI"). The instant complaint charges defendants with wrongdoing in its trading of this stock. Plaintiffs seek from NASD all documents which relate to the purchase or sale of RUTI stock, as well as analyses of trading in the security. Defendants seek transcripts of a series of unsworn depositions taken by the Association in the course of its investigation as well as other portions of its investigative files.

In our Memorandum and Order dated June 21, 1984, we granted defendants' motion on the ground that NASD did not enjoy a quasi-governmental immunity from discovery. By Memorandum and Order dated July 25, 1984, we granted NASD's request for reconsideration on the question whether defendants must show a need for the material and an inability to obtain it from sources other than NASD. At a conference held on October 22, 1984, NASD agreed to provide plaintiffs with monthly blotters and confirmation slips on trading in RUTI; it refused to produce a chart of trading activity and reiterated its intention to resist production of its investigative file and deposition transcripts. Thereafter, plaintiffs filed their motion to compel. We consider both motions together.

It is common ground that " 'the public ... has a right to every man's evidence,' except for those persons protected by a constitutional, common law, or statutory privilege." *Branzburg v. Hays* (1972) 408 U.S. 665, 688, 92 S.Ct. 2646, 2660, 33 L.Ed.2d 626. It is also true, however, that district courts are granted wide discretion in supervising the extent of discovery before trial, Fed.Rs.Civ.Proc. 26 and 37; *Apicella v. McNeil Laboratories, Inc.* (E.D.N.Y.1975) 66 F.R.D. 78, 82, and in limiting discovery where there is a showing of good cause. *See Kaufman v. Edelstein* (2d Cir. 1976) 539 F.2d 811, 821; *Wright v. Patrolmen's Benevolent Association* (S.D.N.Y. 1976) 72 F.R.D. 161, 163. The exercise of this discretion often requires that the court balance the interests of the litigant in obtaining information against the costs of providing it. *Apicella,* 66 F.R.D. at 82; *Richards of Rockford, Inc. v. Pacific Gas and Electric Co.* (N.D.Calif.1976) 71 F.R.D. 388, 389.

We have previously refused to recognize in NASD a governmental privilege from discovery. Memorandum and Order of June 21, 1984.[1] However, this does not preclude the argument that the interests asserted by the Association in encouraging witness cooperation and maintaining the integrity of its investigative techniques and files are similar to those of a governmental regulatory agency, *see NLRB v. Sears, Roebuck & Co.* (1975) 421 U.S. 132, 150, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (government may withhold documents which reflect advisory opinions, recommendations and deliberations); *Frankel v. Securities and Exchange Commission* (2d Cir.) 460 F.2d 813, 817, *cert. denied* (1972) 409 U.S. 889, 93 S.Ct. 125, 34 L.Ed.2d 146 (reasons for "investigatory file" exemption under Freedom of Information Act are (1) to prevent premature disclosure of the results of an investigation, and (2) to keep investiga-

1. It will be remembered that the NASD is a registered national securities association under § 15A of the Securities Exchange Act of 1934, 15 U.S.C. § 78*o*–3. Its main purpose is to provide industry self-regulation of the over-the-counter securities market, subject to governmental oversight.

tory techniques confidential), which interests should be given some recognition.

There is a strong public interest in maintaining the integrity of effective industry self-regulation. This interest would clearly be undermined by making NASD files fair game for any of the thousands of private securities fraud litigants across the country who wish to shortcut their own discovery efforts and instead to reap the benefits of the Association's ongoing, statutorily governed work. 15 U.S.C. §§ 78o–3, 78s. The public interest in maintaining certain functions and relationships has been a primary factor in limiting discovery absent a formal privilege. *See Richards of Rockford, Inc. v. Pacific Gas and Electric Co.* (N.D.Calif.1976) 71 F.R.D. 388 (interest in maintaining confidentiality between researchers and interview subject precludes discovery of researcher's documents and testimony); *Apicella v. McNeil Laboratories, Inc.* (E.D.N.Y.1975) 66 F.R.D. 78 (publisher and author of medical newsletter article need not produce documents and sources of article relating to litigants' claim); *Gillman v. United States* (S.D.N.Y.1971) 53 F.R.D. 316 (confidentiality of hospital staff meetings essential to improved medical care renders minutes and reports of meeting relating to plaintiff's claim not discoverable); *Bredice v. Doctors Hospital, Inc.* (D.D.C.1970) 50 F.R.D. 249, *aff'd* (D.C.Cir.1973) 479 F.2d 920 (reports of defendant hospital staff into suicide of plaintiff's spouse not discoverable absent exceptional necessity). NASD points out that two courts have denied, on public policy grounds, motions to compel discovery of their files in actions to which they are not parties. *Garnatz v. Stiel, Nicolaus & Co., Inc.* (E.D.Mo. June 21, 1976) Civ.Docket No. 75–934 C(2); *Sumrall v. Hackert/Modesitt Investments Ltd.* (Denver Dist.Ct., City and County of Denver, State of Colorado, December 3, 1984) Civ.Docket No. 84–4717.

Against this strong interest is balanced the need of the parties to obtain information relevant to their lawsuit. Such information may conveniently be divided into two categories: (1) factual or statistical data, and (2) analyses or opinions drawn from such material. The first category has been held discoverable, and the second protected in situations involving the sort of interest asserted here. In *Banks v. Lockheed-Georgia Co.* (N.D.Ga.1971) 53 F.R.D. 283, for example, the court denied discovery of those portions of defendant company's reports on affirmative action efforts which comprised analyses and self-evaluation, while permitting disclosure of the substantive results of those reports. Similarly, in *Wright v. Patrolmen's Benevolent Assoc., supra,* 72 F.R.D. at 164, because plaintiff did not seek opinion or analytic material, the court allowed the depositions of two members of a local bar association committee to discover information received in the course of an investigation conducted by the committee.

■ Here, NASD has agreed to turn over factual data in the form of monthly blotters and confirmation slips, but has resisted discovery of portions of their file, including a chart of trading activities, which apparently represent staff analyses of this and other data. We find its position to be in complete accord with its obligations.

■ Defendants also seek the transcripts of twenty-odd unsworn depositions taken by a NASD staff attorney as part of this investigative effort. The Association argues that these transcripts constitute opinion and analysis work because the witnesses deposed as well as the questions asked reveal the nature and direction of its investigation. We agree and find persuasive its analogy to material protected by the work product doctrine. *See Hickman v. Taylor* (1947) 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. In addition, these transcripts do not seem so central to defendants' cause as to overcome the strong interest held by both NASD and the public in keeping them confidential absent a showing of extraordinary need. The action before us focuses on the activities of defendants, who are charged with having illegally maneuvered RUTI stock, all to plaintiffs' great financial loss. The NASD investigation, not made in

contemplation of this litigation, focussed on nationwide trading patterns in that stock by persons and entities not here involved. Compare *Gillman, supra,* 53 F.R.D. 316 (ordering production of statements made to hospital in course of investigation of suicide in action by deceased's widow for hospital's negligence); *Wright, supra,* 72 F.R.D. 161 (discoverable information was gathered in course of investigation of event which plaintiff claimed had deprived him of his constitutional rights) with *Richards of Rockford, supra,* 71 F.R.D. 388 (information was not central to party's cause and thus not discoverable). Here there is no allegation that the parties to this suit were ever considered, mentioned in or otherwise the subject of the depositions at issue.

We think it reasonable to limit discovery of these transcripts to a showing by defendants that the information they seek is not available from any other source. *See Bredice,* 50 F.R.D. at 250 (party must show "exceptional necessity"). As our understanding is that, to date, defendants have not made any moves in this direction, we deny their motion to compel.

Those portions of the motions of both parties which seek NASD files relating to analyses, opinions or evaluations of data compiled in the course of its investigation are similarly denied.

SO ORDERED.