William E. BROCK, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

FRANK V. PANZARINO, INC. and Frank V. Panzarino, individually, and as President, Defendants.

No. 84 CV 3256.

United States District Court, E.D. New York.

Jan. 9, 1986.

Sullivan & Cromwell, New York City by Michael Straus, Robert A. Sacks, for plaintiff.

Martin Bradley Ashare, County Atty., County of Suffolk, Dept. of Law, Hauppauge, N.Y. by Dennis J. Sweeny, Asst. County Atty., for defendants.

SHIRA A. SCHEINDLIN, United States Magistrate.

The Secretary of Labor brought this action charging defendants with violating the overtime and record keeping provisions of The Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages of $12,803.25 on behalf of eleven of defendants' former employees for unpaid overtime compensation accrued from February 1982 through February 1984.

During an investigation conducted by the Department of Labor, Compliance Officer Selvaggi took statements from eleven of defendants' employees.[1] Defendants now seek production of those statements. The Secretary opposes production and seeks a protective order pursuant to Fed.R.Civ.P. 26(c). The Secretary's motion is based on an assertion of the informer's privilege and

1. Plaintiff has provided defendants with the names and addresses of the eleven employees who allegedly failed to receive overtime compensation.

158

the attorney work product doctrine. Fed. R.Civ.P. 26(b)(3).

The defendants have cross moved pursuant to Fed.R.Civ.P. 37(a), to compel production of the employees' statements or, in the alternative, to dismiss the complaint. Defendants also seek an order compelling the Secretary to produce Officer Selvaggi for deposition.

DISCUSSION

A. *The Informer's Privilege*

■ The informer's privilege is actually the "[g]overnment's privilege to withhold from disclosure the identity of persons who furnish information concerning violations of the law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957). The privilege has been applied in both civil and criminal actions. *See In re United States*, 565 F.2d 19, 22 (2d Cir.1977), *cert. denied*, 436 U.S. 962, 98 S.Ct. 3082, 57 L.Ed.2d 1129 (1978); *Secretary of Labor v. Superior Care Inc.*, No. 83 Civ. 5569 (E.D.N.Y. October 8, 1985); *Michelson v. Daly*, 590 F.Supp. 261, 264 (N.D.N.Y.1984).

The purpose of the privilege is to protect the flow of information to the government. *Dowd v. Calabrese*, 101 F.R.D. 427, 436 (D.D.C.1984). In FLSA enforcement actions, the rationale in support of the privilege is that enforcement is highly dependent on the cooperation of employees. *Brennan v. Engineered Products, Inc.*, 506 F.2d 299, 302 (8th Cir.1974). If an employee feared retaliation from his employer, he would be unlikely to cooperate.[2] Therefore, the government must be able to assure employees that any communication will be treated confidentially and anonymously.

The informer's privilege protects only the identity of the informer, not his statement. *Roviaro*, 353 U.S. at 60, 77 S.Ct. at

627. Where disclosure of the contents of a communication will not tend to reveal the identity of the informer, the contents are not privileged. *Id., See generally* 4 Moore's Federal Practice ¶ 26.61 [6.–2] (2d ed. 1981). Here, defendants do not seek the identity of the informers. Defendants only seek the substance of the employees' statements relating to employment conditions, wages and overtime. Defendants' Memorandum at 7.

The statements taken by Compliance Officer Selvaggi include both privileged and unprivileged matter, namely the identities of informants and the substance of the statements. In *United States v. American Telephone and Telegraph Co.*, 86 F.R.D. 603, 610 (D.D.C.1979), the court stated, "[w]hen documents contain both privileged and unprivileged material, the unprivileged material must be disclosed to the fullest extent possible without disclosing what is privileged." An *in camera* review is "... an eminently worthwhile method to insure that the balance between one party's claim[s] of ... privilege and the other's asserted need for the documents is correctly struck." *Association for Reduction of Violence v. Hall*, 734 F.2d 63, 66 (1st Cir.1984) (citing *Kerr v. United States District Court*, 426 U.S. 394, 405, 96 S.Ct. 2119, 2125, 48 L.Ed.2d 725 (1976)). *See In re United States*, 565 F.2d at 23.

In this case, an *in camera* review of the employees' statements would fairly balance, "the public's interest in efficient enforcement of the [FLSA], the informer's right to be protected against possible retaliation and the defendant[s'] need to prepare for trial." *Hodgson v. Charles Martin Inspectors of Petroleum, Inc.*, 459 F.2d 303, 305 (5th Cir.1972). All employees' names would be redacted from the statements as well as the date the statement was given.[3]

*Martin Inspectors, Inc.*, 459 F.2d 303, 306 (5th Cir.1972).

---

2. The fact that the allegedly underpaid employees no longer work for defendant is not dispositive. Retaliation could take the form of a refusal to rehire or of providing a future employer with a negative reference. *Hodgson v. Charles*

3. Plaintiff relies on *Secretary of Labor v. Superior Care Inc.*, No. 83 CV 5569, (E.D.N.Y. October 8, 1985) and *Donovan v. Mulligan Construction Co., Inc.*, No. 81 CV 669c (W.D.N.Y. December 2,

## B. *Attorney Work Product*

■ Although the informer's privilege does not bar production of the statements for an *in camera* review, the attorney work product doctrine, set forth in Fed.R. Civ.P. 26(b)(3) ("Rule"), prevents disclosure.

Under the Rule, three conditions must be met before a document is entitled to protection under the work product doctrine. "The material must (1) be a document or a tangible thing, (2) that was prepared in anticipation of litigation and (3) was prepared by or for a party, or by or for his representative." *In re Grand Jury Subpoenas Dated Dec. 18, 1981 and Jan. 4, 1982,* 561 F.Supp. 1247, 1257 (E.D.N.Y. 1982).

A number of courts have held that employees' statements taken and compiled by compliance officers of the Department of Labor during FLSA investigations are materials prepared in anticipation of litigation *See e.g., Brennan v. Engineered Products, Inc.,* 506 F.2d at 303; *Usery v. Vermont Food Industries, Inc.,* 81 LC ¶ 33,521 (D.Vt.1977); *Hodgson v. Carl Roessler, Inc.,* 70 LC ¶ 32,849 (D.Conn.1973).

The Rule provides that a party may obtain discovery of trial preparation materials only upon a showing that it has substantial need of the materials and an inability, without undue hardship, to obtain the substantial equivalent of the materials by other means.[4]

### 1. Substantial Need

Defendants claim substantial need for the statements in order to expedite discovery, narrow the issues and reduce the length of the trial. Although disclosure may indeed accomplish these goals, it does not support a finding of substantial need.

*United States v. Chatham City Corp.,* 72 F.R.D. 640, 643 (S.D.Ga.1976) (the fact that written statements of prospective witnesses are relevant and would aid a party in preparing for trial does not amount to [substantial need]); 4 Moore's Federal Practice, ¶ 26.64 [3.–1] (2d ed. 1981).

Defendant further argues that if any of these employees testify at trial, the defense will be entitled to these statements for impeachment purposes. Defendants' Memorandum at 7–8. However, the possibility of locating impeachment material in a potential witness' prior statement does not amount to substantial need. *In re Grand Jury Investigation,* 599 F.2d 1224, 1233 (3d Cir.1979). In *United Technologies Corp. v. NLRB,* 777 F.2d 90, 95 (2d Cir.1985), the Court of Appeals squarely rejected the "potential witness rule." The court found that the statements and identities of employee-informants who may soon be witnesses are nonetheless entitled to confidentiality. The court noted that the potential witness rule too early negates assurances of confidentiality and therefore an agency's ability to gather facts based on the mere possibility that an informant might be called to testify. *Id.* at 94. Thus, the possibility that some of the eleven employees may testify at trial does not, by itself, justify revealing their statements to the defendants.

### 2. Undue Hardship

Defendants' claim of undue hardship is based on the expense of deposing the eleven employees to attain the substantial equivalent of the information in the statements. "There can be no dispute that the costs [of taking the eleven depositions] in terms of attorney's fees, witness fees and court reporters could reach close to a substantial percentage of the total damages sought." Defendants' Memorandum at 8.

---

1983) to support his view that both the informants' identities and their statements are protected under the informer's privilege. In these cases, the courts denied defendants' motions to compel disclosure of the identities of the informants or potential witnesses and their statements. Neither court however, noted that the privilege does not bar disclosure of the contents of an informant's statement as long as his iden-

tity is safeguarded. Consequently, there was no discussion of conducting an *in camera* review.

**4.** The trial court has wide discretion in determining the existence of substantial need and undue hardship. *Ross v. Bolton,* 106 F.R.D. 22, 23 (S.D.N.Y.1985).

Work product material is generally protected if the party seeking discovery is able to obtain the desired information by taking the deposition of witnesses. *Xerox Corporation v. International Business Machines*, 79 F.R.D. 7, 9 (S.D.N.Y.1977). *See also, Arney v. George A. Hormel & Co.*, 53 F.R.D. 179, 181 (D.Minn.1971). Further, where the witnesses are readily available for deposition, the cost or inconvenience of taking the deposition is not in itself, a sufficient showing to meet the "undue burden" requirement of the Rule. *In re International Systems and Controls Corp. Securities Litigation*, 693 F.2d 1235, 1241 (5th Cir.1982); 4 Moore's Federal Practice ¶ 26.64 [3–1] (2d ed. 1981). Here, it is undisputed that the employees are available for deposition. Defendants have the names and addresses of all eleven employees and have already taken sworn statements from six. Thus, in the exercise of my discretion, I find that the defendants have failed to demonstrate either the substantial need or the undue hardship necessary to overcome the qualified immunity provided by the Rule.

### C. *Federal Discovery Rules*

Defendants finally argue that the Rules of Civil Procedure encourage liberal discovery and discourage discovery which is unduly expensive and redundant. *See* Fed. R.Civ.P. 26(b)(1)(i).[5] Defendants urge that if denied the opportunity to examine the contents of the statements, they will be forced to seek precisely the same information through additional discovery, thus incurring unnecessary expense. They maintain that given the policies expressed in the federal discovery rules and the minimal amount in controversy in this case, the court should order production of the statements.

Defendants make a compelling argument. The 1983 amendments to Rule 26(b)(1) state, for the first time, that the court should limit unnecessarily expensive

discovery. By denying defendants access to the statements, the court is not limiting defendants from taking further discovery. Nonetheless, it is precluding them from using a less expensive discovery method to obtain the information they seek. The policy expressed in the 1983 amendment to ·Rule 26(b)(1) however, must be balanced against the long standing mandate of Rule 26(b)(3) to protect trial preparation materials from discovery unless a showing of substantial need and undue hardship is made. Defendants have failed to make this showing. In addition, defendants are not bound to proceed by depositions if this method is too costly. They can obtain affidavits from the employees or defend the action based on their books and records and the six affidavits they already have.

■ Officer Selvaggi is directed to appear for deposition. The work product doctrine shields only prepared materials, not the facts upon which the materials were based. *See, e.g. Ford v. Philips Electronics Instruments Co.*, 82 F.R.D. 359, 360 (E.D.Pa.1979) (the adverse party's lawyer's notes of witness interviews are protected under the Rule, but he may be deposed as to the facts he learned through interviewing those witnesses); *United States v. International Business Machines Corp*, 79 F.R.D. 378, 380 (S.D.N.Y.1978) (though attorney's memoranda of interviews with witnesses were protected, the witnesses themselves could be deposed regarding their statements). Of course, at deposition Officer Selvaggi would not be required to disclose the identity of the informants.

### CONCLUSION

Plaintiff's motion for a protective order is granted. The Secretary is not required to disclose the statements of the employees. Consequently, defendants' cross motion to compel production of the documents is denied as is their motion to dismiss the

---

**5.** Fed.R.Civ.P. 26(b)(1)(i) states: "The frequency or extent of use of the discovery methods.... shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive."

complaint. Plaintiff is ordered to produce Compliance Officer Selvaggi for deposition.

SO ORDERED.