Barry D. Sherman, Hammond, Ind., for plaintiff.

Jay Charon, Merrillville, Ind., for defendant.

---

**Rose Ann MAZAN, Plaintiff,**

**v.**

**Beth SCHMELZER, Defendant.**

**Civ. No. H 85–1126.**

United States District Court, N.D. Indiana, Hammond Division.

Aug. 8, 1986.

### ORDER

ANDREW P. RODOVICH, United States Magistrate.

This matter is before the Court on the Motion to Compel Production of Documents filed by the plaintiff on March 17, 1986. For the reasons set forth below, the motion is GRANTED.

On March 10, 1985, the plaintiff, Rose Ann Mazan, was walking through the parking lot of the Holiday Star Theater in Merrillville, Indiana. The plaintiff claims that the defendant, Beth Schmelzer, struck her with her vehicle causing personal injuries. The defendant has denied that she struck the plaintiff with her vehicle.

On April 12, 1985, an attorney retained by the plaintiff sent a Notice of Attorneys' Lien to the defendant. The Notice in-

formed the defendant that the attorney was representing the plaintiff in her claim for the personal injuries which she received in the March 10 accident and advised the defendant to forward the Notice to her insurance company. Apparently, the defendant took the advice of the attorney and promptly forwarded the Notice to the insurance carrier. This lawsuit was filed on December 18, 1985, and the defendant admits that the insurance company did not turn the file over to an attorney until January 27, 1986.

On February 10, 1986, the plaintiff filed a Request for Production of Documents asking the defendant to provide:

\* \* \* \* \* \*

4. Copies of all accident reports, incident reports, and insurance claim reports of the defendant relating to subject matter accident.

5. Copies of any and all statements that were made by defendant in writing or orally to defendant's insurance carrier in the ordinary course of business which were taken prior to the institution of this litigation or prior to the employment of counsel for this litigation, whichever occurred first.

6. Copies of any statements defendant or his representatives have from third parties who witnessed subject matter accident.

\* \* \* \* \* \*

The defendant declined to produce those statements claiming that they were obtained in anticipation of litigation, and therefore privileged under Rule 26(b)(3) of the Federal Rules of Civil Procedure.

██ A statement is not deemed to have been prepared in anticipation of litigation merely because an accident has occurred, an investigation was made, and a lawsuit subsequently was filed. In *Thomas Organ Company v. Jadranska Slobodna Plovidba*, 54 F.R.D. 367 (N.D.Ill.1972), the defendant sought production of certain documents prepared while the plaintiff was investigat-

ing damage to its property during shipment. The court held that these reports made by the company during its investigation were discoverable unless it was shown that the reports were made in anticipation of litigation under Rule 26(b)(3). The court stated:

> [A]ny report or statement made by or to a party's agent (other than to an attorney acting in the role of counsellor), which has not been requested nor prepared for an attorney nor which otherwise reflects the employment of an attorney's legal expertise must be conclusively presumed to have been made in the ordinary course of business and thus not within the purview of the limited privilege of new Rule 26(b)(3) and (b)(4). 54 F.R.D. at 372.

The court went on to conclude:

> If the rule of practice announced above were not accepted as controlling but rather the law were as suggested by the plaintiff, i.e., that after a claim has arisen, litigation may be deemed a contingency and any document prepared after such a claim has arisen is prepared in anticipation of litigation as concerns Rule 26(b)(3) irrespective of whether an attorney in the role of counsellor has been consulted, hardly any document authored by or for an agent of an insurance company could ever be discoverable without the showing of substantial need and undue hardship required by subsection (b)(3) of Rule 26. 54 F.R.D. at 373.

See also: *Binks Manufacturing Company v. National Presto Industries, Inc.*, 709 F.2d 1109, 1118–20 (7th Cir.1983); and *Rucker v. Wabash Railroad Company*, 418 F.2d 146, 154 (7th Cir.1969).

██ The defendant maintains that the April 12 Notice of Attorneys' Lien put the insurance company on notice of a likely lawsuit and that any statements taken after that date must be presumed to have been taken in anticipation of litigation.[1]

---

1. The defendant has not indicated whether any statements were taken between the March 10 accident and the April 12 Notice of Attorneys' Lien. Since the defendant has disclaimed any

However, in *Carver v. Allstate Insurance Company,* 94 F.R.D. 131 (S.D.Ga.1982), the court rejected any arbitrary procedure for determining when a statement was taken in anticipation of litigation:

> Both parties appear to assume that the discovery documents in dispute here were "prepared in anticipation of litigation." But the courts have noted that not all documents prepared by an insurance company in investigating a claim meet this prerequisite. The general rule for determining whether a document can be said to have been "prepared in anticipation of litigation" is whether "the document can fairly be said to have been prepared or obtained because of the prospect of litigation, ... [and not] in the regular course of business." 8 Wright & Miller, *Federal Practice and Procedure: Civil* § 2024 (1970). Paradoxically, insurance company investigating documents straddle both ends of this definition, because it is the ordinary course of business for an insurance company to investigate a claim with an eye toward litigation. Yet, a hard and fast rule in either direction would be contrary to various goals of modern discovery practice. 94 F.R.D. at 134.

The court went on to conclude:

> At some point, however, an insurance company's activity shifts from mere claims evaluation to a strong anticipation of litigation. (Citation omitted) This is the point where the probability of litigating the claim is substantial and imminent. (Citations omitted) The point is not fixed, it varies depending on the nature of the claim, and the type of investigation conducted. (Citation omitted) The decision whether insurance company investigatory documents were "prepared in anticipation of litigation" turns, therefore, on the facts of each case. 94 F.R.D. at 134.

In addition to providing its insureds with a defense if a lawsuit is filed, an insurance company also investigates, evaluates, and settles a large percentage of the claims presented to it. Insurance companies customarily deal with plaintiffs' attorneys directly both before and after a lawsuit is filed. An insurance company does not automatically anticipate that a lawsuit will be filed merely because the plaintiff has obtained an attorney.

In the instant case, the defendant's insurance company did not obtain an attorney until after the plaintiff filed the lawsuit. Therefore, at the time the statements were taken, it cannot be said that the probability of litigation was "substantial and imminent." Since the statements were neither requested by nor prepared for an attorney, they were not prepared in anticipation of litigation under Rule 26(b)(3).

For the foregoing reasons, the Motion to Compel Production of Documents is GRANTED.

knowledge of the accident, it will be assumed that all statements were taken after the defendant provided the insurance company with the Notice.