Jeff TAROLI, Plaintiff,

v.

GENERAL ELECTRIC COMPANY, Defendant.

Civ. No. H 86–511.

United States District Court,
N.D. Indiana,
Hammond Division.

Feb. 18, 1987.

Barry D. Sherman, Sherman & Allegretti, Hammond, Ind., for plaintiff.

Frank J. Galvin, Galvin, Stalmack, Kirschner & Clark, Hammond, Ind., for defendant.

## ORDER

ANDREW P. RODOVICH, United States Magistrate.

This matter is before the Court on the Motion for Protective Order filed by the defendant, General Electric Company, on February 4, 1987. For the reasons set forth below, the motion is DENIED.

On October 17, 1985, the plaintiff, Jeff Taroli, was employed as an electrician by L & S Electric Company, Inc. On that date, Taroli was injured while he was replacing a fluorescent light bulb in an outdoor sign for a Burger King restaurant in Munster, Indiana. Taroli has alleged that the fluorescent light bulb was manufactured by the defendant, General Electric Company, and that it suddenly exploded causing his injuries. The complaint was filed on July 1, 1986, invoking the diversity jurisdiction of this court. 28 U.S.C. § 1332.

Pursuant to Federal Rule of Civil Procedure 34, the plaintiff requested the defendant to produce various documents including the reports prepared by the defendant's insurance carrier. In particular, the plaintiff has requested copies of statements of

third parties taken by the insurance carrier and a report prepared by an independent adjusting company at the request of the insurance carrier.[1] In support of its Motion for Protective Order, the defendant filed the affidavit of Jane W. Terrell, a claims examiner for the defendant's insurance carrier. In her affidavit, Terrell alleges that on January 15, 1986, she received a subrogation notice from the American States Insurance Company for the amounts paid on the plaintiff's workmen's compensation claim. Terrell further alleged:

> That certain conduct in the claims stage by claimants constitutes a "red flag" as to the probability of litigation and is used by your affiant in weighing and evaluating whether litigation is probable.
>
> That among the red flags that alert your affiant to the probability of litigation are indemnity letters from corporate entities, subrogation letters from other insurance companies and a preliminary evaluation of cases as being ones of little or no legal liability.

(Terrell Affidavit, paragraphs 8 and 9). Terrell further stated that based upon the subrogation lien "as well as sufficient factual information" she concluded that "this was probably a case of no legal liability." (Terrell Affidavit, paragraph 10) After making this determination, Terrell hired the independent adjusting firm to conduct a further investigation. The defendant now contends that since the items sought by the plaintiff were prepared by the independent adjusting firm after the decision was made to deny liability, those items were prepared in anticipation of litigation.

Federal Rule of Civil Procedure 26(b)(3) provides:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Under Rule 26(b)(3), first it must be determined whether the documents sought were "prepared in anticipation of litigation." If it is demonstrated that the documents were prepared in anticipation of litigation, then it must be determined whether the plaintiff has demonstrated both "substantial need" for the documents and that he is unable "to obtain the substantial equivalent ... by other means." In this case, the defendant has the burden of establishing that the documents were prepared in anticipation of litigation, and then the burden shifts to the plaintiff to prove both the substantial need and undue hardship factors. *Binks Manufacturing Company v. National Presto Industries, Inc.*, 709 F.2d 1109, 1119 (7th Cir.1983); and *State Farm Fire & Casualty Company v. Perrigan*, 102 F.R.D. 235, 237 (W.D.Va.1984).

No clear-cut rule can be established for determining whether the investigation conducted by an insurance company is discoverable under Rule 26(b)(3). The fact that an investigation has been conducted by the insurance company does not automatically require a finding that the investigation was conducted in anticipation of litigation. *Mazan v. Schmelzer*, 111 F.R.D. 470, 472 (N.D.Ind.1986); *State Farm*, 102 F.R.D. at 237; and *Carver v. Allstate Insurance Company*, 94 F.R.D. 131, 134 (S.D.Ga.1982). Neither does the fact that a lawsuit subsequently was filed automatically require a finding that the investigation was conducted in anticipation of litigation. *Binks Manufacturing*, 709 F.2d at 1118; and *Mazan*, 111 F.R.D. at 471. Nor does the fact that the plaintiff has hired an attorney mandate such a finding. *Mazan*,

---

1. The plaintiff also requested a copy of a statement which he gave the insurance company. Under Rule 26(b)(3), the plaintiff is entitled to a copy of the "statement concerning the action or its subject matter previously made by that party."

111 F.R.D. at 472. However, consultation between the insurance company and an attorney during the investigation is an important factor which generally weighs in favor of finding a work product privilege. *Rucker v. Wabash Railroad Company*, 418 F.2d 146, 154 (7th Cir.1969); *Mazan*, 111 F.R.D. at 472; *Fine v. Bellefonte Underwriters Insurance Company*, 91 F.R.D. 420, 422 (S.D.N.Y.1981); and *Thomas Organ Company v. Jadranska Slobodna Plovidba*, 54 F.R.D. 367, 372 (N.D.Ill.1972). The determination whether the investigation conducted by the insurance company is discoverable depends upon the facts of each case. *State Farm*, 102 F.R.D. at 238.

In addition to providing its insureds with a defense if a lawsuit is filed, an insurance company also investigates, evaluates, and settles a large percentage of the claims presented to it. An insurance company may not automatically anticipate that a lawsuit will be filed merely because the plaintiff has obtained an attorney. Therefore, in order to determine which portions of the insurance company file are protected under Rule 26(b)(3), it must be determined when the insurance company shifted its focus from collecting information and evaluating a claim to preparation for a lawsuit.

> At some point, however, an insurance company's activity shifts from mere claims evaluation to a strong anticipation of litigation. This is the point where the probability of litigating the claim is substantial and imminent. The point is not fixed, it varies depending on the nature of the claim, and the type of investigation conducted. (Citations omitted)
>
> *Carver*, 94 F.R.D. at 134.

See also: *Binks Manufacturing*, 709 F.2d at 1119 (the defendant must show that the investigation was conducted knowing that the claim would "likely lead to litigation.")

 In the instant case, the defendant has failed to demonstrate that its investigation was conducted in anticipation of litiga-tion. First, the subrogation notice from the workmen's compensation carrier, like a notice from an attorney, cannot be used to create a work product privilege in every instance. The insurance company may treat a subrogation notice as a "red flag," but the courts are not required to do so. Secondly, although Terrell stated that she had "sufficient factual information" to determine that litigation was a realistic possibility, her affidavit did not specify what information was available to her prior to making that determination. This Court has the responsibility of evaluating the information available to the insurance company and making its own independent decision whether litigation was a realistic possibility. The insurance company cannot expect a court to rubberstamp its decision based upon a sketchy affidavit. Finally, the defendant did not indicate what information was obtained during the subsequent investigation. The defendant is required to assert its claim of the work product privilege on a document-by-document basis and may not rely upon a blanket claim of privilege for all documents contained in its file. *Federal Trade Commission v. Shaffner*, 626 F.2d 32, 37 (7th Cir.1980).

Since the defendant has failed to demonstrate what evidence supported its determination that litigation was a distinct possibility, has failed to demonstrate what evidence was obtained after making that determination, and further has failed to show any participation by an attorney in the investigation, the defendant may not claim the work product privilege recognized under Rule 26(b)(3).[2]

For the reasons set forth above, the Motion for Protective Order filed by the defendant on February 4, 1987, is DENIED.

---

2. Since there has been no showing that the documents were prepared in anticipation of litigation, it is unnecessary to proceed to the second step and to determine whether the plaintiff has demonstrated both a substantial need and an inability to obtain the information by other means.