Ann McLAUGHLIN, Secretary of
Labor, Plaintiff,

v.

**MILES LABORATORIES,
INC., Defendant.**

No. S88–61.

United States District Court,
N.D. Indiana,
South Bend Division.

Oct. 5, 1988.

Michele M. Fox, U.S. Dept. of Labor,
Chicago, Ill., for plaintiff.

William J. Hammes, Elkhart, Ind., Roger
L. Taylor, Chicago, Ill., Lewis C. Laderer,
Jr., South Bend, Ind., for defendant.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause is before the court on defendant Miles Laboratories' motion to compel discovery pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure. Miles seeks an order directing the Secretary of Labor ("DOL") to produce witness statements taken from employees of Miles or, in the alternative, an order that the DOL will make no use of the witness statements as admissions, for impeachment, or for any other purpose. The DOL has filed a response and Miles its reply. This matter is ripe for review.

### I. *Introduction*

The DOL filed this action seeking to enjoin Miles from violating the overtime and record-keeping provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"). Miles asserts that the cost accountants are administrative employees exempt from the FLSA's overtime provisions. During the course of the investigation, which allegedly began as a result of an anonymous complaint, the DOL interviewed certain employees at their place of employment at Miles. Miles seeks discovery of those employees' statements. Miles has received, pursuant to its Rule 34 document request, an investigator's evaluative report based upon the witness interviews.

In its first set of interrogatories, Miles requested:

Any and all witness statements given to or taken by the plaintiff or its representatives in connection with this lawsuit.

The Secretary objected to producing witness statements, claiming an informer's privilege and work product privilege:

Plaintiff hereby objects to this Request to the extent it requests interview statements not subject to discovery pursuant to Rule 34(b) of the Federal Rules of Civil Procedure. Plaintiff asserts as the basis for her objection that such information is protected from disclosure by the informer's privilege and work product privilege and therefore not subject to discovery under Rule 26(b)(1) and Rule 26(b)(3) of the Federal Rules of Civil Procedure.

The DOL maintains that two grounds protect the witnesses' statements from discovery: (1) the informer's privilege, and (2) the work product privilege. The court finds that the statements are protected by the work product privilege, Rule 26(b)(3), and accordingly need not reach the issue of whether the informer's privilege protects the statements from discovery.

## II. Attorney Work Product

■ To invoke the qualified work product privilege, one must show that the materials sought to be protected were prepared "in anticipation of litigation ..." Rule 26(b)(3). That an investigation was conducted or that litigation eventually ensued does not alone cloak materials prepared by an attorney with the protection of the qualified work product privilege. *Taroli v. General Elec. Co.,* 114 F.R.D. 97 (N.D.Ind. 1987). *See Binks Manufacturing Company v. National Presto Industries, Inc.,* 709 F.2d 1109 (7th Cir.1983); *Mazan v. Schmelzer,* 111 F.R.D. 470 (N.D.Ind.1986).

■ The qualified work product privilege extends to documents prepared by or for a representative of a party, including his agent. 8 C. Wright and A. Miller, *Federal Practice and Procedure* § 2024, at 205–206 (1970). An investigator from the DOL is a representative of the DOL for purposes of invoking the privilege. *See Brock v. Frank V. Panzarino, Inc.,* 109 F.R.D. 157 (E.D.N.Y.1986). A number of courts have held that employees' statements taken and compiled by compliance officers of the DOL during FLSA investigations are materials prepared in anticipation of litigation.

*See Brennan v. Engineered Products, Inc.,* 506 F.2d 299 (8th Cir.1974); *Brock v. Frank V. Panzarino, Inc.,* 109 F.R.D. 157 (E.D.N.Y.1986); *Usery v. Vermont Food Industries,* 81 LC ¶ 33,521 (D.Vt.1977) [1977 WL 1686]; *Hodgson v. Carl Roessler, Inc.,* 70 LC ¶ 32,849 (D.Conn.1973) [1973 WL 1102]. Although such holdings generally are fact-specific and conclusory, thorough analysis compels a similar holding in this case.

For Rule 26(b)(3) to shield material from discovery, the material must be: (1) documents or tangible things, (2) prepared in anticipation of litigation or for trial, (3) by or for the representative of the party from whom discovery is sought. 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2024, at 196–197 (1970). The threshold determination is whether the materials were prepared in anticipation of litigation. *Binks Manufacturing Company v. National Presto Industries, Inc.,* 709 F.2d at 1118; *see Taroli v. General Elec. Co.,* 114 F.R.D. 97.

■ Miles argues that the work product privilege does not insulate the cost accountants' statements from discovery because the statements were not prepared "in anticipation of litigation". A non-lawyer investigator took the witness statements as a part of a normal DOL investigation of a complaint. Miles argues that the witness statements were taken while the DOL collected information in order to evaluate a claim. Relying on *Taroli v. General Elec. Co.,* 114 F.R.D. 97 (N.D.Ind.1987), Miles contends that the investigator's summary of the statements provided to Miles demonstrates that the DOL had not shifted its focus to preparation of a lawsuit. That the DOL provided Miles with the investigator's summary indicates that the DOL does not regard a report evaluating Miles' compliance with the FLSA as work product.

The DOL argues that the investigation began as a result of a specific complaint to the Secretary regarding Miles' pay practices. The DOL's investigator was directed to conduct the investigation only after a preliminary determination of the merits of the anonymous complaint. The DOL as-

serts that there existed, from the initiation of the investigation, a specific claim of back-wages owed and it was incumbent upon the DOL's investigator to conduct the investigation with an eye toward ultimate prosecution of Miles.[1] The DOL has provided Miles with the investigator's summary and, in response to defendant's Interrogatory No. 2, the identity of those persons believed to have knowledge of the facts of this case.[2]

In light of the existence of a specific claim of back wages owed at the time of the investigator's work, the court finds that the investigator obtained the statements from Miles' employees in anticipation of litigation.

Even material protected by the qualified work product privilege may be obtained upon a showing of substantial need, but Miles has made no such claim. (Def. Reply Memo., n. 3). Accordingly, Miles' motion to compel should be denied.

### III. *Conclusion*

Based on the foregoing, the court DENIES Miles' motion to compel discovery of statements made to a DOL investigator by cost accountants employed by Miles.

SO ORDERED.

1. The DOL provided a procedural history of the activities involved in the investigation: the investigator inspected and transcribed Miles' records, interviewed Miles' officials and employees, and computed back-wage deficiencies based on the information gathered. A final report was prepared that contained the investigator's factual findings and report of interviews. The file was sent to the DOL's Regional Solicitor with memoranda from the DOL's Regional and Area Administrators. Attorneys in the Regional Solicitor's office analyzed the file and, as a result of the investigation, the instant litigation was initiated by the DOL.

2. The DOL, in response to this interrogatory, however, indicated that it did not waive the informer's privilege as to any of the fifteen listed names or indicate in any way that any of the individuals were actually interviewed during the course of the investigation.