William R. HARRIS, et al., Plaintiffs,

v.

Edwin E. WELLS, et al.

Edwin E. WELLS, et al.

v.

William R. HARRIS, et al.

Civ. Nos. B–89–391 (WWE), B–89–482 (WWE).

United States District Court, D. Connecticut.

April 16, 1991.

See also 757 F.Supp. 171.

James F. Stapleton, Thomas D. Goldberg, Day, Berry & Howard, Stamford, Conn., for plaintiffs.

Robert N. Chatigny, Hartford, Conn., for Harry E. Peden, III.

Mark Stern, Stern & Miller, Westport, Conn., Richard B. Friedman, Lawrence M. Harnett, Marks, Murase & White, Diane Hull, New York City, pro hac vice, for Allan J. Lee.

Margaret M. Wynne, Mary E. Schifferli, Richard F. Lawler, Eugene J. Riccio, Kari A. Pedersen, Whitman & Ransom, Greenwich, Conn., for Arochem Intern., Inc. and Arochem Corp.

David P. Atkins, Frank J. Silvestri, Jr., Zeldes, Needle & Cooper, P.C., Bayport, Conn., Richard D. Weinberg, Andrew J. Levander, Adam Rowland, Shereff, Friedman, Hoffman & Goodman, New York City, pro hac vice, for William R. Harris, V.J. Dispenza and Joseph Sheperd.

Thomas D. Goldberg, James F. Stapleton, Carole F. Wilder, Day, Berry & Howard, Stamford, Conn., Robert B. McCaw, Thomas F. Connell, Wilmer, Cutler & Pickering, Washington, D.C., pro hac vice, John J. Walsh, Edwin David Robertson, Amy A. Marasco, Cadwalader, Wickersham & Taft, New York City, for S. L. Hutchison, Robert Johnson, Eric C. Johnson, Crail Fund, Victory Oil Co. and Victory Holding Co.

Peter M. Nolin, Schatz & Schatz, Ribicoff & Kotkin, Stamford, Conn., Joseph D. Pope, Werbel, McMillin & Carnelutti, Kevin J. Toner, James C. McMillin, New York City, for Allen & Co., Inc.

Scott S. Centrella, Richard E. Castiglioni, Diserio, Martin, O'Connor & Castiglioni, Stamford, Conn., Patrick Lynch, O'Melveny & Myers, Los Angeles, Cal., pro hac vice, Andrew J. Frackman, Diane Lopez, O'Melveny & Myers, New York City, Philip R. Kaplan, O'Melveny & Myers, Newport Beach, Cal., pro hac vice, for Edwin E. Wells, Jr., Stetson Capital Corp. and Allen Petroleum and Petrochemical Ventures Inc.

Andrew M. Schatz, Stephen W. Aronson, Schatz & Schatz, Ribicoff & Kotkin, Hartford, Conn., for Harold Buirkle.

## RULING ON NOMINAL DEFENDANTS' AROCHEM INTERNATIONAL AND AROCHEM CORPORATION MOTION FOR PRELIMINARY INJUNCTION BACKGROUND

EGINTON, District Judge.

### BACKGROUND

These consolidated cases involve disputes among individual directors, shareholders and officers of AroChem International, Inc. and Arochem Corporation (collectively "AroChem"). AroChem owns, leases, and operates certain refining and petrochemical processing facilities in Penuelas, Puerto Rico. William R. Harris ("Harris") is an AroChem shareholder and director and is president and chief executive officer. Edwin E. Wells ("Wells") is a shareholder and one of six members of the AroChem Board of Directors.

On March 5, 1991, pursuant to Section 220 of Delaware General Corporation Law ("§ 220"), Wells sent AroChem a set of Stockholder and Director Requests ("§ 220 Requests"), demanding inspection of AroChem's books and records. Under § 220, stockholders and directors have the right, upon written demand, to inspect certain corporate documents for any proper purpose. A corporation has five business days to respond to the written demand, and if it fails to respond, the stockholder or director

may apply to the Chancery Court for an order to compel such inspection. On March 12, 1991, AroChem filed a Motion for Temporary Restraining Order and Preliminary Injunction, seeking to prevent Wells from commencing any separate proceeding in Delaware. On that date, this Court orally instructed Wells to refrain from initiating any proceeding in Delaware until it had an opportunity to review AroChem's memorandum in support of its motion and Wells' memorandum in opposition. For the reasons set forth below, AroChem's motion for a preliminary injunction will be granted.

## ARGUMENTS

Initially, AroChem maintains that this Court has jurisdiction to enjoin Wells from initiating an action in Delaware on the basis of the All–Writs Act. AroChem contends that when a federal court has jurisdiction over its case in chief, the All–Writs Act grants that court ancillary jurisdiction to issue appropriate writs to aid that jurisdiction, and AroChem maintains that a federal court may issue an injunction against the commencement of proceedings in a state court to prevent state court interference with an earlier federal court order. AroChem argues that the court should enjoin Wells from commencing an action in Delaware because the Delaware proceeding would interfere with the discovery orders issued by this Court in the Connecticut litigation. AroChem further argues that the issues in the Connecticut litigation are determinative of the legitimacy of Wells' Delaware § 220 requests, and that Wells' Delaware § 220 requests are duplicative of Wells' prior document requests. Finally, AroChem contends that it satisfies the requirements for injunctive relief.

Wells counters that resort to the All–Writs Act is unwarranted because a Delaware § 220 proceeding would not mirror the consolidated Connecticut actions, nor would it compromise this Court's jurisdiction over the case. Wells maintains that a § 220 proceeding is a summary proceeding that only adjudicates the narrow issue of a director's and shareholder's right to inspect AroChem's books and records. Wells further argues that AroChem does not meet the requirements necessary to obtain a preliminary injunction.

## DISCUSSION

■ This Court is persuaded that the All–Writs Act applies in this case, therefore the availability of an injunction will be determined by the standards under the Act, rather than by the traditional standards for injunctive relief.

The All–Writs Act provides in pertinent part that:

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651 (1988).

Injunctions issued under the All–Writs Act are governed by different standards than injunctions issued under Fed.R.Civ.P. 65, because such injunctions "stem from very different concerns than those motivating preliminary injunctions governed by Fed.R.Civ.P. 65." *In re Baldwin–United Corp.*, 770 F.2d 328, 338 (2d Cir.1985). Injunctions issued under Rule 65 are intended to preserve the status quo between parties who are awaiting a decision on the merits of their case. Injunctions isssued under the All–Writs Act are designed to prevent third parties from thwarting a federal court's ability to "reach and resolve the merits of a federal suit before it." *Id.* at 338–39.

Injunctions against actions in state courts are justified when action by the state court would so interfere " 'with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case.' " *Id.* at 335 (citations omitted).

■ In the instant action, Wells' § 220 Requests seek comprehensive information, from various specified dates up to the present time, relating to all aspects of AroChem's financial and operational practices. This Court construes the § 220 Requests as yet another discovery request. The § 220 Requests attempt to obtain information di-

rectly related to the Connecticut litigation, and many of these requests mirror previous discovery requests made by Wells. District courts have wide discretion in supervising the extent of discovery before trials. *Ross v. Bolton,* 106 F.R.D. 22, 23 (S.D.N.Y.1985). This Court has carefully monitored the discovery in this complex litigation. It has issued carefully crafted rulings on countless discovery motions, including an order requiring the coordination of discovery in these consolidated actions with the discovery in a related action pending in the District Court for the Central District of California.

This Court is persuaded that a Delaware proceeding could interfere with this Court's prior discovery orders, and could "frustrate proceedings in a federal action of substantial scope, which has already consumed vast amounts of judicial time...." *In re Baldwin–United Corp.,* 770 F.2d at 337. This Court is thoroughly familiar with these consolidated cases, and it is convinced that it provides the proper forum for discovery requests Accordingly, this Court will retain control over discovery matters.

## CONCLUSION

For the foregoing reasons, the nominal defendants' Motion for a Preliminary Injunction is GRANTED. The nominal defendants are directed to file a proposed order on notice.