**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

October 4, 2021

Thomas E. Hanson, Jr., Esquire
William J. Burton, Esquire
Barnes & Thornburg LLP
1000 N. West Street, Suite 1500
Wilmington, DE 19801

Michael C. Heyden, Jr., Esquire
Tianna S. Bethune, Esquire
Gordon Rees Scully Mansukhani, LLP
1000 North West Street, 12th Floor
Wilmington, DE 19801

Re:     *Legent Group, LLC, et al. v. Axos Financial, Inc., et al.*,
         C.A. No. 2020-0405-KSJM

Dear Counsel:

The plaintiffs moved to compel the defendants and subpoena respondent Jeffrey Sime to comply with the plaintiffs' document requests by producing ten previously withheld communications with the SEC. During the September 28, 2021 omnibus hearing, I ordered the defendants to produce those ten documents for *in camera* review. I have now reviewed the documents at issue, and this letter resolves the pending motion.

The defendants and Sime withheld the ten documents from production on the basis of what they referred to as an "SEC Privilege." In briefing, the defendants explained that their phrase "SEC Privilege" refers to what courts have called the "investigative privilege."[1]

The investigative privilege is a new area for me, and I have limited my discussion to the authorities cited by the parties in briefing. According to federal cases cited by the

---

[1] *See* C.A. No. 2020-0405-KSJM Docket 100, Defendants' Opposition to Plaintiffs' Motion to Compel.

defendants, the investigative privilege "exists to encourage and shield the efforts of law enforcement and regulatory agencies to obtain information without fear of premature disclosure to those under investigation."[2]

Courts have applied this privilege to protect from discovery "analyses or opinions" of investigative bodies but not "factual or statistical data" collected in the investigation.[3] In this way, the investigative privilege invokes a distinction similar to that drawn in this state between so-called "factual work product" and "opinion work product."[4]

At least one federal court has found that "[t]here are three prerequisites to the assertion of the privilege: (i) the head of the department having control over the information requested must assert the privilege; (ii) the official in question must do so based on actual personal consideration; and (iii) he or she must specify the information purportedly covered by the privilege, and accompany the request with an explanation as to why such information falls within the scope of the privilege."[5]

At the September 28, 2021 hearing, I expressed skepticism that the defendants would possess the types of work product protected by the investigative privilege, setting aside the issue of whether the defendants or Sime could assert such privilege on behalf of

---

[2] *SEC v. McGinn*, 2011 WL 13136028, at *6 (N.D.N.Y. Jan. 5, 2011).

[3] *Ross v. Bolton*, 106 F.R.D. 22, 24 (S.D.N.Y. Jan. 30, 1985).

[4] *See, e.g.*, *Saito v. McKesson HBOC, Inc.*, 2002 WL 31657622, at *11 (Del. Ch. Nov. 13, 2002) ("[T]here are two types of work product: non-opinion (factual/historical) work product and opinion work product. Each type of work product has its own standard of protection under Delaware law.").

[5] *In re Adler, Coleman Clearing Corp.*, 1999 WL 1747410, at *3 (S.D.N.Y. Dec. 8, 1999).

the SEC.  Giving the defendants the benefit of the doubt, I ordered an *in camera* review of the documents at issue.

The defendants provided the disputed documents to the court on September 29, 2021, along with an abridged privilege log.  As I suspected, the withheld documents do not constitute the sort of investigatory materials or analyses that are subject to protection by the investigative privilege.  Rather, the ten disputed documents consist entirely of communications to the SEC pursuant to Exchange Act Rule 17a-11,[6] which requires notice be given to the SEC when a broker-dealer's net capital falls below a certain level.

The documents at issue are not the type of documents that may be properly withheld pursuant to the investigative privilege.  The defendants shall produce the documents to the plaintiffs.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Chancellor

cc:    All counsel of record (by *File & ServeXpress*)

---

[6] 17 C.F.R. § 240.17a-11 (2020).