**Otis COX**

v.

**COMMONWEALTH OIL COMPANY et al.**

**Civ. A. No. 1977.**

United States District Court
S. D. Texas,
Corpus Christi Division.

Dec. 28, 1962.

Mahoney & Shaffer, George Shaffer, Corpus Christi, Tex., for plaintiff.

Keys, Russell, Keys & Watson, James C. Watson, Corpus Christi, Tex., for defendant and third-party plaintiff, Commonwealth Oil Co.

Trimble & Dobbs, Harry Dobbs, Jr., Corpus Christi, Tex., for third-party defendants Oscar H. Taylor and Taylor Lease Service.

Lewright, Dyer & Redford, W. M. Lewright, Corpus Christi, Tex., for third-party defendant Brine Service Co.

Theis & McGloin, Elmer H. Theis, Corpus Christi, Tex., for third-party defendant Texas Gulf Tank Co.

Butler & Stone, Hubert L. Stone, Jr., Corpus Christi, Tex., for third-party defendant Clayton Mark & Co.

GARZA, District Judge.

Defendant and Third-Party Plaintiff, Commonwealth Oil Company, attached

584

the affidavit of W. Mack Crook to its brief in opposition to the motion for summary judgment of Third-Party Defendant Clayton Mark & Company. The affidavit related to tests made by the affiant as an expert engineer hired by Commonwealth to determine whether or not Clayton Mark & Company had manufactured a defective union.

Clayton Mark & Company then made application to take the oral deposition of W. Mack Crook, which was opposed by Commonwealth in its motion for an order with respect to the intention of Clayton Mark & Company to take said deposition.

■ Normally, an expert witness not an employee of the party is not subject to examination by an opposing party by way of deposition unless the circumstances indicate a need for it. Federal Practice and Procedure, Barron & Holtzoff, Vol. 2A, Sec. 652.5.

Clayton Mark & Company contends that use of the expert's affidavit by Commonwealth opens the door to further examination of the expert by deposition.

This Court agreed with that contention and overruled the motion of Commonwealth.

■ Although no case on this point has been found, many objections to depositions may be waived by actions of a party. Numerous cases holding various acts of a party to constitute a waiver are collected in 26A C.J.S. Depositions § 105.

■ When a party offers the affidavit of an expert witness in opposition to, or in support of, a motion for summary judgment, it waives its right not to have the deposition of said expert taken. The testimony of the expert, for all practical purposes, has already been offered in the case, and the taking of his deposition by the party against whom the affidavit was used is nothing more than cross-examination.