**NORTH GEORGIA LUMBER & HARDWARE, a division of North Georgia Lumber and Supply, Inc., Plaintiff,**

v.

**The HOME INSURANCE COMPANY, Defendant.**

**Civ. A. No. C78–22R.**

United States District Court, N. D. Georgia, Rome Division.

May 22, 1979.

David P. Daniel, Hatcher & Daniel, Rossville, Ga., for plaintiff.

Clayton H. Farnham, A. L. Mullins, Jr., Swift, Currie, McGhee & Hiers, Atlanta, Ga., for defendant.

### ORDER

HAROLD L. MURPHY, District Judge.

Having first been removed to this Court from the Superior Court of Walker County, State of Georgia, this action arises from defendant The Home Insurance Company's alleged refusal in bad faith to pay the plaintiff North Georgia Lumber & Hardware for the loss of property covered by a contract of insurance with the defendant as a result of fire on September 8, 1977. Presently before the Court are plaintiff's motion to compel a more definite answer to plaintiff's interrogatory No. 3 of its Second Interrogatories and plaintiff's motion to compel production of documents.

■ With respect to plaintiff's motion to compel a more definite answer, defendant has now filed a supplemental response. Therefore, the Court finds plaintiff's motion to be moot.

Three requests for production of documents are at issue in plaintiff's second pending motion, which requests are as follows:

Request No. 1:

All documents which represent communications by and between General Adjustment Bureau, Incorporated and the Home Insurance Company.

Request No. 3:

All documents which represent any communication whatsoever by and between any agent, servant, employee of the Home Insurance Company and any other agent, servant and employee of the Home Insurance Company relative to the fire loss sustained by the plaintiff on September 8, 1977 prior to the instigation of litigation.

Request No. 4:

All documents which represent any communication whatsoever by and between the firm of Bickman, Libby, Thomas and Braxton and the Home Insurance

Company relative to the fire loss sustained by the plaintiff on September 8, 1977.

Defendant Home Insurance objects to Requests 1 and 3 contending that these requests constitute an attempt by the plaintiff to compel disclosure of the defendant's entire investigatory file which contains the personal evaluations and mental impressions of its investigating agents and employees. Defendant cites *Southern Railway Co. v. Lanham*, 403 F.2d 119 (5th Cir. 1968) in support of its argument that discovery of the mental impressions and personal evaluations of its agents should be conditioned upon a strong showing of "necessity or justification," "hardship or injustice", which showing has not been made by the plaintiff here. The plaintiff counters by arguing that since plaintiff has alleged bad faith on the defendant's part in refusing to pay plaintiff's claim, the mental impressions of defendant's agents and employees is the subject matter of this lawsuit. Plaintiff's argument will not stand.

The issue of defendant's "bad faith" may only be determined by the weakness or strength of its defense as manifested at the trial. It is not tested by the mental impressions of the defendant's agents during or subsequent to the investigation. In refusing to pay after due demand according to the statute, the company would act at its peril, a peril neither increased nor diminished by the amount of information it might have or obtain. A defense going far enough to show reasonable and probable cause for making it would indicate the good faith of the company as effectually as would a complete defense to the action. *Travelers Insurance Co. v. Sheppard*, 85 Ga. 751, 756, 12 S.E. 18 (1890). *Accord Interstate Life & Accident Insurance Co. v. Williamson*, 220 Ga. 323, 138 S.E.2d 668 (1964).

■ Therefore, absent a showing of "necessity or justification," "hardship or injustice" similar to that required to overcome the qualified immunity from discovery conferred upon the work product of an attorney under *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), the defendant need not reveal the mental impressions or personal evaluations of its agents or employees. *Southern Railway Co. v. Lanham*, 403 F.2d 119 (5th Cir. 1968). However, it is well established that "either party may compel the other to disgorge whatever facts he has in his possession," *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947), and one of the means provided for compelling such disgorgement is the motion for production of documents, Fed.R.Civ.P. 26(a). It is not relevant to this motion that plaintiff chose this discovery method over any others available to it.

Defendant Home Insurance objects to Request 4 because it seeks the disclosure of communications between the defendant and its expert witnesses, which disclosure would exceed the scope of such discovery as provided in Fed.R.Civ.P. 26(b)(4). Rule 26(b)(4) provides in pertinent part that the discovery of facts known and opinions held by experts acquired or developed in anticipation of litigation or for trial may be obtained only by interrogatories unless the Court, upon motion, orders further discovery by other means.

■ Plaintiff has made no motion for an order permitting the instant form of discovery of the facts known and opinions held by defendant's experts. Nor does there appear any dispute that these experts are subject to Rule 26(b)(4). Plaintiff argues, citing *Cox v. Commonwealth Oil Co.*, 31 F.R.D. 583 (D.C.Tex.1962), that the use by the defendant of the affidavits of the experts in opposition to the plaintiff's motion for summary judgment operates as a waiver of defendant's objection to plaintiff's present discovery request. However, *Cox v. Commonwealth Oil Co., id.*, does not go that far. *Cox* holds that when a party offers the affidavit of an expert witness in opposition to, or in support of, a motion for summary judgment, it waives its right not to have the deposition of said expert taken. *Id.* at 584. It is one thing to have a party's expert subject to a deposition and another to require a party to produce all the communications between the party and its expert.

ACCORDINGLY, plaintiff's motion to compel a more definite answer is denied. Plaintiff's motion to compel the production of documents is granted with respect to Requests 1 and 3 with the exception of those documents or portions of documents containing the personal evaluations or mental impressions of defendant's agents or employees. Plaintiff's motion to compel the production of documents with respect to Request 4 is denied.