**STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff,**

v.

**Clyde A. PERRIGAN and Ruth A. Perrigan, Defendants.**

**Civ. A. No. 83–0365–B.**

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

June 14, 1984.

Jackson S. White, Jr., Abingdon, Va., for plaintiff.

Robert T. Copeland, Abingdon, Va., for defendants.

### MEMORANDUM OPINION AND ORDER

GLEN M. WILLIAMS, District Judge.

The plaintiff, State Farm Fire and Casualty Company (hereinafter "State Farm") has brought a suit for money had and

received against the defendants for the recovery of fire losses paid under Homeowners' Policy No. 46–027–9670–6. After the commencement of this case the defendants filed their petition for relief under Chapter 11 of the United States Bankruptcy Code. The United States Bankruptcy Court for the Western District of Virginia ordered the automatic stay lifted, and the case has proceeded. Jurisdiction over this matter is based upon 28 U.S.C. §§ 1332 and 1471(b).

This case is before the court on the defendants' motion to compel the production of documents, pursuant to Fed.R.Civ.P. 37. On March 19, 1984, the defendants filed a request for the production of documents pursuant to Fed.R.Civ.P. 34 asking for, *inter alia*, "copies of any and all reports of adjusters and/or investigators retained by State Farm prior to the filing of the lawsuit." The plaintiff's response, filed April 10, 1984, states that "[t]he only written reports of outside 'adjusters and/or investigators retained by State Farm prior to the filing of the lawsuit' are two reports prepared by Richard T. Chance (Chance) identified below." State Farm has objected to the production of one of these reports because the qualified immunity of the work product rule protects it and it is beyond the permissible scope of discovery.

After a hearing on the motion, the court has conducted an in camera review of a report dated March 21, 1983, prepared by Robert T. Chance and Associates for Bill Milgrim, claim representative of State Farm, concerning the fire loss of the defendants on March 11, 1983. Robert Chance interviewed several people and examined the fire scene while the insured were present. Thereafter he prepared a preliminary report to assist State Farm adjust the defendants' claim. The report contains opinion and speculation about the cause and origin of the fire along with recommended action for the insurance company. The plaintiff has indicated that Robert Chance will be an expert witness at trial.

The issue presented to the court is whether the report is discoverable. The plaintiff argues that it is work product which is immune from discovery under Fed.R.Civ.P. 26(b)(3). The pertinent part of the rule provides:

> Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by another means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation . . . .

Fed.R.Civ.P. 26(b)(3). In drafting the 1970 amendment the Advisory Committee noted that "[t]he courts have steadfastly safeguarded against disclosure of lawyers' mental impressions and legal theories, as well as mental impressions and subjective evaluations of investigators and claim agents . . . . Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to deep confidential documents containing such matters prepared for internal use." Fed.R.Civ.P. 26(b)(3) advisory committee note. One leading legal commentator indicated that the 1970 amendment clearly placed a report from the insured to the insurer and statements obtained by investigators for the insurer within the immunity of Rule 26(b)(3). 8 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2024 at 206 (1970). Yet the courts have not applied the rule as the commentators suggested.

Initially, it is notable that the 1970 amendment to Fed.R.Civ.P. 26 extinguished any confusion about whose work product was preserved; a representative of the party, "including his attorney, consultant, surety, indemnitor, insurer, or agent," may file a document that is covered under the work product theory. Fed.R.Civ.P. 26(b)(3). *See Westhemeco Ltd. v. New Hampshire Ins. Co.*, 82 F.R.D. 702, 708 (S.D.N.Y.1979); *United States v. Chatham City Corp.*, 72 F.R.D. 640, 642 (S.D.Ga. 1976). Discovery of reports containing mental impressions and opinions of investigating agents and employees also is conditional upon a strong showing of need and hardship if they were prepared in anticipation of trial. *North Ga. Lumber & Hardware v. Home Ins. Co.*, 82 F.R.D. 678, 680 (N.D.Ga.1979) (action seeking damages for refusal to pay fire loss in bad faith). Thus, an insurance company's work product may be discoverable.

Generally, the parties may discover any relevant material that is not privileged. Fed.R.Civ.P. 26(b)(1) provides the general scope:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter ....

Once the courts determine that the documents are within the scope of discovery, the second step is deciding whether they were compiled in anticipation of trial. After the party shows that the documents were put together in preparation of litigation, the burden shifts to the party seeking discovery to show the substantial need and undue hardship. *Virginia Electric & Power Co. v. Sun Shipbuilding & Dry Dock Co.*, 68 F.R.D. 397, 410 (E.D.Va.1975).

The courts have made a clear distinction between documents prepared in anticipation of trial and those compiled in the ordinary course of business. "Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision." Fed.R. Civ.P. 26(b)(3) advisory committee note. The nature of the insurance business requires an investigation prior to the determination of the insured's claim. Most courts have held that statements taken by an insurance adjuster in the normal course of examining a claim are made during the regular course of the insurer's business, not in anticipation of a trial, and therefore are discoverable. *McDougall v. Dunn*, 468 F.2d 468, 473 (4th Cir.1972), *citing with approval, Thomas Organ Co. v. Jadranska Slobodna Plovidba*, 54 F.R.D. 367, 374 (N.D.Ill.1972); *American Banker's Ins. Co. v. Colorado Flying Academy, Inc.*, 97 F.R.D. 515, 517 (D.Colo.1983); *Westhemeco Ltd. v. New Hampshire Ins. Co.*, 82 F.R.D. at 708; *Spaulding v. Denton*, 68 F.R.D. 342, 345–46 (D.Del.1975); *Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.*, 61 F.R.D. 115, 118 (N.D.Ga.1972). In the *McDougall* case, the plaintiff suffered injuries in a single-car collision and sued to recover damages resulting from the accident. The plaintiff sought to produce statements secured by the claim adjuster shortly after the incident. The Fourth Circuit Court of Appeals permitted the plaintiff to copy the statements on two alternative bases. First, the appellate court concluded that the claim adjuster secured statements in the regular course of his duties for the insurance company. The court applied, without adopting, the test set forth in *Thomas Organ Co. v. Jadranska Slobodna Plovidba*, 54 F.R.D. at 372 (emphasis in the original):

> This trend which was followed in the framing of Rule 26(b)(3) compels the court to conclude that *any* report or statement made by or to a party's agent (other than to an attorney acting in the role of counsellor), which has not been

requested by nor prepared for an attorney nor which otherwise reflects the employment of an attorney's legal expertise must be conclusively presumed to have been made in the ordinary course of business and thus not within the purview of the limited privilege of new Rule 26(b)(3) and (b)(4).

Second, the plaintiff had a substantial need for the statements because he suffered brain injuries and related amnesia from the accident which inhibited him from reconstructing the events and reaching the truth. Since the agent took the witnesses' statements prior to the time the insurance company retained counsel to litigate the case, the documents were made in the ordinary course of investigating the accident and were discoverable. *McDougall v. Dunn,* 468 F.2d at 473. Another district court in this circuit has quoted the *Thomas Organ* standard without comment. *Burlington Industries v. Exxon Corp.,* 65 F.R.D. 26, 42 (D.Md.1974) (court ultimately said anticipation of litigation meant legal action was imminent, not merely possible). Professor Moore criticizes the decision in *Thomas Organ* as "a misinterpretation of the purpose and effect of the 1970 revision. The amended rule did not follow a 'trend' toward production of statements made by non-lawyers. It followed a trend to equate 'good cause' under former Rule 34 with relevancy in the case of general business records, but to require a showing of relevancy and need for the production of trial preparation materials, whether prepared by an attorney or by the party or his agent." 4 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 26.64[3] at 112 (Supp.1983–84). Another district court has concluded that preparation in anticipation of litigation occurs after the insurance company finally decides to deny or pay the claim. *Westhemeco Ltd. v. New Hampshire Ins. Co.,* 84 F.R.D. at 708–09 (permitting discovery of reports of a surveyor and an investigator made during an investigation of the claim and before plaintiff ceased attempts to persuade the insurer to allow the claim). Other district courts have adopted a broader test; it is:

Whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is not work product immunity for documents prepared in the regular course of business rather than for purposes of litigation.

8 C. Wright & A. Miller, *Federal Practice & Procedure: Civil* § 2024 at 198–99 (1970). *See also, Hercules, Inc. v. Exxon Corp.,* 434 F.Supp. 136, 151 (D.Del.1977); *Miles v. Bell Helicopter Co.,* 385 F.Supp. 1029, 1032–33 (N.D.Ga.1974); *Hi-G Incorporated v. Insurance Co. of North America,* 35 Fed.R.Serv. 861, 862 (D.Mass.1982). This approach realistically recognizes that at some point an insurance company shifts its activity from the ordinary course of business to anticipation of litigation, and no hard and fast rule governs when this change occurs. *Westhemeco Ltd. v. New Hampshire Ins. Co.,* 82 F.R.D. at 708. This distinction lies at the pivotal point "where the probability of litigating the claim is substantial and imminent," *Carver v. Allstate Ins. Co.,* 94 F.R.D. 131, 134 (S.D.Ga.1982), *citing, APL Corp. v. Aetna Casualty & Surety Co.,* 91 F.R.D. 10, 21 (D.Md.1980); *Klawes v. Firestone Tire & Rubber Co.,* 572 F.Supp. 116, 125 (E.D.Wis. 1983), *citing, Miles v. Bell Helicopter Co.,* 385 F.Supp. at 1033, or where "litigation was fairly foreseeable at the time the memorand[um was] prepared ....," *Coastal States Gas Corp. v. Department of Energy,* 617 F.2d 854, 865 (D.C.Cir.1980). Thus, the decision whether the insurance company's investigatory reports are discoverable depends upon the facts of each case. *Carver v. Allstate Ins. Co.,* 94 F.R.D. at 134; *Spaulding v. Denton,* 68 F.R.D. at 345–46; *American Home Assurance Co. v. Libbey-Owens-Ford Co.,* 37 Fed.R.Serv. 628, 632 (D.Mass.1983).

Applying this test to the facts *sub judice,* the court is of the opinion that the report is discoverable. First, the report is

relevant to discover evidence leading to the cause of the fire and the motive. Second, the report of March 21, 1983, was prepared during the ordinary course of investigating the fire that occurred March 12, 1983. At the time Mr. Chance conducted the investigation, State Farm was in the process of adjusting the claim. The insurer had not decided whether to pay the loss let alone whether to bring an action arising from a payment under the policy. Thus, this court concludes that the probability of litigating the claim was not substantial or imminent at the time of Mr. Chance's investigation. The opinions of the investigator likewise are discoverable since the report was prepared during the ordinary course of the insurance company's business and not in anticipation of trial.

·Accordingly, the defendants' motion to compel discovery is granted and the plaintiff is ordered to produce the report to the defendants within seven (7) days.