# CIRCUIT COURT OF THE CITY OF RICHMOND

Dwayne A. Harris

v.

Skyhook Corp. et al.

January 29, 1987

Case No. LK-880-3

By JUDGE T. J. MARKOW

Currently before the court for disposition is the joint motion of the plaintiff and North River Insurance Co. (North River) to quash or modify the subpoena *duces tecum* requested by Virginia Power Company on October 28, 1986. The subpoena would require North River to produce all documents relating to the worker's compensation claim of the plaintiff which arose out of the incident which gives rise to the action before this court.

North River is the worker's compensation insurance carrier for the plaintiff's employer. It has investigated the incident and, presumably, it made worker's compensation payments to the plaintiff. Pursuant to this court's order of November 25, 1986, North River has responded by producing most of its file but it still objects to producing the following documents:

1. Memorandum of June 27, 1984, to the file from its claims representative describing an interview with an employee of the plaintiff's employer, Tyson Sign Company;

2. Memorandum of September 14, 1984, from the claims representative to the file regarding his investigation and his analysis of the worker's compensation claims of the plaintiff and another worker who was hurt in the accident;

3. Letters between plaintiff's attorneys and North River dated June 10, 1986; August 22, 27, 29, 1987, September 23, 1986.

These documents have been reviewed *in camera*.

Plaintiff and North River claim these documents should not be produced because the first two categories of documents (hereafter referred to as "memoranda") were prepared by North River in anticipation of litigation (hereafter referred to as "work product"), and that the third category of materials (hereafter referred to as "letters") represents either plaintiff's or North River's work product or are privileged communications between attorney and client.

Under Rule 4:1(b)(1) of the Rules of the Supreme Court of Virginia, privileged materials are not subject to discovery. Work product materials which are not privileged enjoy a qualified protection under Rule 4:1(b)(3). (Such materials are subject to discovery "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.")

North River also claims that even if this burden is met, the materials contain mental impressions, conclusions, legal theories, etc., which should be protected.

The court finds no materials here which enjoy privileged status. The only documents which arguably have some characteristics of privilege are the letters; however, these are communications between the plaintiff's attorneys and a third party, North River. No authority has been cited which would support a finding of attorney-client privilege attaching to these documents. Certainly, none of the correspondence from North River to plaintiff's counsel is privileged.

Next, it must be determined whether the memoranda or the letters are protected from discovery as being materials "prepared in anticipation of litigation or for trial by or for another party or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent). . ." Rule 4:1(b)(3) of the Rules of the Supreme Court of Virginia.

My review of the letters reflects that they were generated by North River or by counsel for the plaintiff

in contemplation of (and related to) this litigation, as well as possible litigation before the Industrial Commission, and is, therefore, "work product" material protected under Rule 4:1(b)(3). For reasons given later, nothing discovered in the court's *in camera* inspection would establish that defendants have "substantial need of the material" and are "unable without undue hardship to obtain the substantial equivalent of the materials by other means."

The more difficult issue is whether the memoranda are protected from discovery. I find that they are.

To enjoy protection from discovery, these materials must have been prepared in contemplation of litigation or for trial. Rule 4:1(b)(3) of the Rules of the Supreme Court of Virginia. In support of its motion to quash, North River filed the affidavit of Ronald P. Winburn, an agent of North River, in which he states that the investigation to which the memoranda refer "was conducted in anticipation of litigation relating to (A) claims for workers' compensation benefits by the injured employees against Tyson Sign Company and (B) subrogation claims by Tyson Sign Company and North River Insurance Co. against any third party tortfeasor for injuries sustained by these employees."

This is the only evidence before the court and consequently it establishes that factor.

Whether the material was prepared for the plaintiff and for this case is not dispositive. *See generally* 35 A.L.R.3d 412, § 20, and 27 A.L.R.4th 568. The "work product" rule was developed to promote two objectives: first, to protect the mental impressions and mental process of the attorney and, second, to preserve the adversarial nature of the system; *i.e.*, that each side would develop his own case. *Hickman* v. *Taylor*, 329 U.S. 495 (1947). The purposes of this rule have been incorporated into Rule 4:1(b)(3). The Virginia rule expands the rule to protect the "work product" of consultants, sureties, indemnitors, insurers or agents. The objectives of the rule also apply to material prepared in anticipation of litigation by those who may not be parties to the present action. If the rule were otherwise, a party could discover work product material and then join the object of the discovery as a party.

*State Farm Fire & Casualty Co.* v. *Perrigan*, 102 F.R.D. 235 (W.D. Va. 1984), is not controlling here. In that case the court concluded that the investigation of the accident by the defendant's liability carrier was not in anticipation of litigation. Here, the only evidence before the court establishes conclusively that the material was prepared in anticipation of litigation.

Similarly, the record here dictates a different conclusion from that reached in *Williams* v. *Smith-Moore Body Co. Inc.*, 1 Va. Cir. 356 (July 27, 1983). There, the court held that materials prepared by a worker's compensation carrier, while prepared in anticipation of litigation, were not prepared by nor for a party to the pending litigation and were not within the protection of Rule 4:1(b)(3). Here, again, the record (Winburn's affidavit) states that the materials were at least partially, prepared by North River in anticipation of its litigation as a subrogee to the injured employees. To the extent it is subrogated to some part of the plaintiff's claims here, North River is a real party in interest in this case and is entitled to the protection under Rule 4:1(b)(3). To the extent *Williams* v. *Smith-Moore Body Co., Inc.* may hold that materials prepared in anticipation of litigation by nonparties in the current litigation are not within the protection of Rule 4:1(b)(3), I would disagree for the reasons previously given.

Next, I must decide whether the defendants have established that they have a substantial need for the materials that cannot be met without undue hardship. They have not done so.

Skyhook argues that its substantial need arises because North River's investigations occurred when the facts were fresher in the minds of those interviewed (although defendant Virginia Power began its investigation within hours of the occurrence of the accident) as Skyhook knew nothing of the accident until it was sued two years after the accident. Each defendant argues that it wants the materials for impeachment on the basis of prior inconsistent statements if such are, indeed, discovered.

The parties agree that the witnesses who were interviewed by North River are available to the defendants. Where the parties have an equal opportunity to investigate and where, all the witnesses are known and available to both sides, the Supreme Court has held that the "work product"

cannot be discovered. *Rakes* v. *Fulcher*, 210 Va. 542 (1970). Rule 4:1(b)(3) does not entitle the defendants to discover exactly what North River learned in its investigation. They are only entitled to its "substantial equivalent." I believe they have that opportunity without North River's materials.

For the reasons stated here, I will enter an order sustaining North River's and plaintiff's motion to quash. The materials reviewed *in camera* shall be sealed and retained in the file subject to review only on appeal or pursuant to order of this court.