Tony Ray HENSON, an infant who sues By and Through his mother and next friend, Carolyn MAWYER, Plaintiff,

v.

WYETH LABORATORIES, INC., Defendant.

Civ. A. No. 85–0168–H.

United States District Court, W.D. Virginia, Harrisonburg Division.

May 15, 1987.

S.D. Roberts Moore, Neil S. Johnson, Roanoke, Va., for plaintiff.

Phillip C. Stone, Gregory T. St. Ours, Harrisonburg, Va., Jane Thorpe, for defendant.

## MEMORANDUM OPINION

B. WAUGH CRIGLER, United States Magistrate.

Presently before the court are the objections by Wyeth to the disclosure of certain documents requested by plaintiff. In accordance with the procedure outlined by the court in its prior orders, Wyeth has tendered copies of the documents to the court *in camera* and has listed them for the plaintiff. Both sides have filed their respective memoranda.

Wyeth seeks to protect the documents from disclosure on four (4) grounds: 1) that some are commercially sensitive containing cost data, marketing strategies, financial information and trade secrets; 2) that some post date what Wyeth believes are relevant periods of inquiry; 3) that some are protected by the work product and trial preparation doctrines; and 4) that still others are protected by the attorney-client privilege. As to some documents, Wyeth asserts protection under a combination of categories, and, as to others, only one is claimed to apply.

Before the court addresses these categorical objections *seriatim*, it is important to note that the parties have entered into a *Stipulation of Confidentiality*, which apparently was executed some time in December 1986. No mention was made of it by

defendant, its existence being brought to the attention of the court in plaintiff's reply to Wyeth's memorandum supporting its objections. Irrespective of who the moving party was in initiating, drafting and securing the entry of this stipulation, its effect is to remove most, if not all, of the risk of document content disclosure beyond identified persons, and, then, under controlled circumstance. If the substance of those documents is discoverable, then the individuals set forth by agreement clearly should have access to them. With that having been addressed, the court turns to the categories of objection.

## I. Commercial Sensitivity, etc. and Trade Secrets

■ According to Wyeth's brief, certain documents are objected to on the basis that they relate to matters of confidential cost data, marketing and financial strategies, financial information and trade secrets.[1] Wyeth believes that such documents are protected from disclosure because, *inter alia,* they contain "frank discussions" concerning what Wyeth believes to be commercially sensitive information now known only to Wyeth employees. Furthermore Wyeth states that much, if not all, the information was acquired by agreement in September 1982 with Takeda Chemical Industries, Ltd. of Japan and that a disclosure of the subject documents would violate that agreement.

The authorities cited in support of Wyeth's position of non-disclosure here, in this court's view, do not stand for the proposition that commercially sensitive, etc. and trade secret information is insulated from discovery, only that a court must be circumspect in determining whether its relevance has been established and whether the sensitive information properly may be reviewed by the other side in a manner that minimizes the risk of third-party disclosure. This, in essence, is the position taken by plaintiff in his brief, and it appears to this

---

1. As to some of these documents, Wyeth also concurrently objects on the basis of "post-date" and "trial preparation," e.g. Document Nos. 154973–977. As the court is making a categorical analysis, discoverability depends on whether

court to be the correct one.[2]

There is little question in the court's mind that the material here sought is relevant, and that it alone may be, or it may lead to admissible evidence. The court so finds. In addition, the parties themselves have implemented the mechanism which limits the risk of disclosure to others by entering into the Stipulation of Confidentiality. Wyeth's objection to discovery on the first ground will be overruled.

## II. Post Date Information and Documents

■ In view of this court's Order of February 17, 1987, fixing the periods of inquiry, and based on Wyeth's understanding thereof, Wyeth is "withholding from production.... [document which] are dated after June 23, 1984" and which address topics it believes were not available to Wyeth "on or before June 23, 1982." Mem. of Defendant at 4–5. Plaintiff responds first by suggesting that the documents withheld in this "Post-date" category, in fact, are covered by this court's prior Order. If not, he asks the court to "determine for itself whether or not the document in question is relevant" to this case and/or whether such might reasonably lead to admissible evidence. Plaintiff's Mem. at 16. He then proffers how the information, at this stage of the proceedings, is relevant irrespective of whether it was available to or known by defendant as of the "bright line" date(s). *Id.* at 16 *et seq.*

The court finds that the documents covered by this category of objection are highly relevant, and would either themselves be admissible or would lead to admissible evidence. The court is not influenced by Wyeth's perception that its prior Order created some "bright line," for that Order appears to speak for itself. Clearly the documents objected to also are covered in

that Order, and Wyeth here raises no ground for objection different from which was raised prior to the entry of that Order. The court believes Wyeth had accepted the court's position thereon by not appealing the prior Order, and that it is now doing little more than reasserting its prior objection.[3]

Wyeth's objections based on "Post–Date" will be overruled as previously determined.

## III. Trial Preparation and Work Product

■ At the outset of addressing this category of objection, the court wishes to make clear that it does not believe we here are dealing with a "privilege" as alluded to in Wyeth's brief. *Mem.* of Defendant at 5. If we faced a privilege, there would be an absolute bar to its disclosure once the privilege attached. Instead, trial preparation and work product materials are protected under Rule 26(b)(3) and the cases that have provided either the genesis for the Rule or its interpretation. Therefore, the court must first determine whether the material sought to be protected falls within the purview of the applicable doctrine, and, if so, whether the requisite need or cause has been demonstrated for avoidance of doctrinal protection.

The documents here sought to be brought under the protection of the trial preparation and work product doctrines are Doc. Nos. 154973–977 and 156187, though Wyeth's brief also refers to Document No. 31803. While these documents contain some of what is commonly called "risk management" information, they do not amount to anything more than documents addressing business decisions. The fact that litigation and costs of facing such is factored into the anticipated gain/loss projections does not render the information "in anticipation of litigation." That is, under

---

a document is protected under any one category. If not, then plaintiff is entitled to discovery.

**2.** The court specifically concurs with plaintiff's position that there is "no true privilege against the discovery of trade secrets," etc., rather that such rests upon the exercise of "discretion to avoid unnecessary disclosure" thereof. Plaintiff's Mem. at 8, citations omitted.

**3.** Interestingly, Wyeth advised the court at the hearing prior to its February Order that nothing in the agreement with Takeda restricted Wyeth's compliance with orders of a court. Furthermore, in this court's view the February 17, 1987, Order has become law of the case, and this court will not here readjudicate those issues.

the circumstances here, the mere prospect of litigation is not enough. Where, as here, such information is used in factoring positions to be taken in the market place, one would be hard pressed to fit these documents under the prenumbra of the trial preparation and work product doctrines. *State Farm Fire and Cas. Co. v. Perrigan*, 102 F.R.D. 235 (W.D.Va.1984); *cf. APL Corp. v. Aetna Cas. & Sur. Co.*, 91 F.R.D. 10 (D.Md.1980). The court finds that such doctrines do not apply to the documents cited. Accordingly, an order will enter overruling this category of objection.

## IV. Attorney–Client Privilege

In contrast to the category of objections addressed above, if the documents here fall under the attorney client privilege, they are not discoverable no matter how relevant they may be and irrespective of the degree of need shown by plaintiff. However, the burden is upon Wyeth to demonstrate that the privilege attaches. The elements of the privilege are: (1) that the holder of the privilege is or seeks to be a client; (2) that the person to whom the communication was made is a member of a bar, acting as such *viz* the communication; (3) that the communication relates to matters of which the lawyer was informed by the client in confidence, *and* for the purpose of securing an opinion of the law or legal services *or* for assistance in legal proceedings; and (4) that the privilege had been claimed and not waived by the client. *United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357 (D.Mass.1950); *see also, Duplan Corporation v Deering Milliken, Inc.*, 397 F.Supp. 1146 (D.S.C.1974).

The privilege protects the substance of confidential communications both from the client to the attorney and, according to the better rule, from the attorney to the client if such would reveal the confidential client communication. *NLRB v. Harvey*, 349 F.2d 900 (4th Cir.1965); *United States v. (Under Seal)*, 748 F.2d 871 (4th Cir.1984); *see also, FTC v. Shaffner*, 626 F.2d 32 (7th Cir.1980). Furthermore, it is well settled that a corporation may be a "client" with standing to assert the privilege. *Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).

Nevertheless, it is important to note, as did plaintiff in his brief, that in order for the privilege to apply, the attorney receiving the communication must be acting as an attorney and not simply as a business advisor. *In re Sealed Cases*, 737 F.2d 94 (D.C.Cir.1984); *Burlington Industries v. Exxon Corp.*, 65 F.R.D. 26 (D.Md.1974); *see also N.C. Elec. Membership Corp. v. Carolina Power*, 110 F.R.D. 511 (M.D.N.C. 1986). In fact for the privilege to apply, the client's confidential communication "must be for the *primary* purpose of soliciting legal, rather than business, advice." *N.C. Elec. Membership Corp. v. Carolina Power, supra*, at 514, citations omitted, emphasis in original.

With this in mind, and in light of the verbal agreement of all counsel in a telephone conference with this court that Charles Ross was an in-house attorney at Wyeth, in addition to holding the office of Secretary of the company, the court has examined the documents to which Wyeth claims the attorney-client privilege attaches, namely Doc. Nos. 140231, 140288, 154980–981, 140070–71, 150672–150675, 154696–154700.

The greatest number of these documents are in the form of memoranda among various departments at Wyeth. The court believes such to have reflected ongoing business developments. Examples of this are discussions of the contract to purchase Tri-Solgen from Lilly, recordation of technical data with an eye toward the "suitability" for retention of the Tri-Solgen trademark, and other memoranda in furtherance of the agreement finally reached between Wyeth and Takeda Chemical. Remarkably, they do not contain specific requests for legal advice of services, and Wyeth has done little to show this court how these documents primarily could be tied to legal advice as opposed to business advice. In some instances, e.g. Doc. No. 140231, the author is not even known. The only documents which could be viewed as an attorney's opinion potentially containing a privi-

leged communications from Wyeth employees is Doc. Nos. 140070–71.

With the exception of Doc. Nos. 140070–71, this court finds that Wyeth has failed to meet its burden of demonstrating that the attorney-client privilege immunizes the subject information from disclosure to plaintiff. In all other respects, the court finds the documents to have been prepared primarily in a business capacity and not primarily in a legal capacity. Business advice is not privileged. *See J.P. Foley & Co., Inc. v. Vanderbilt,* 65 F.R.D. 523 (S.D.N.Y. 1974); *In Re Shapiro* 381 F.Supp. 21 (N.D. IL.1974); *Attorney General of the United States v. Covington and Burling,* 430 F.Supp. 1117 (D.D.C.1977).

## V. SUMMARY

For the reasons stated above, an Order will enter this date overruling Wyeth's objections to discovery on the grounds of 1) commercial sensitivity, etc. and trade secrets; 2) post-date; 3) trial preparation and work product. Wyeth's objections, on the grounds of attorney-client privilege as to Doc. Nos. 140070–71 will be sustained, but as to all other documents in that category, the objections will be overruled.

The Order will also provide that Wyeth shall tender a certificated copy of the documents covered by this Memorandum Opinion and following Order to counsel for plaintiff within ten (10) days hereof. All such documents shall be subject to the Stipulation of Confidentiality heretofore executed by the parties. In the event either Wyeth or plaintiff notes an appeal to this court's Order within ten (10) days, the operation of that Order automatically will be suspended until a decision on that appeal has been entered by the District Judge. In addition, all documents tendered *in camera* shall be placed in a sealed envelope and marked "SUBJECT TO PROTECTIVE ORDER OF THE COURT—TO BE OPENED ONLY UPON WRITTEN STIPULATION OF THE PARTIES OR UPON ORDER OF THE COURT." This shall in no way limit the ability of this or any reviewing court

from examining such documents *sua sponte,* should it elect.

An order will enter accordingly.