## CIRCUIT COURT OF HENRY COUNTY

Jacob Clark,
a minor, by his next friend,
Brandy Clark, and
Brandy Clark, individually

v.

Winn-Dixie Raleigh, Inc.

August 13, 1996

Case No. CL96-030

BY JUDGE DAVID V. WILLIAMS

This matter has come to be heard on a motion to compel production of documents. The plaintiff has requested the following documents: (1) all accident reports which in any way pertain to this case; (2) all internal memoranda generated by your employers, which documents in any way pertain to this case; and (3) all correspondence, handwritten notes, and typewritten notes generated by your employers, which documents in any way pertain to this case. The motion was opposed by the defendant on the premise that the documents in question were prepared in anticipation of litigation.

The incident in question took place March 21, 1995; suit was filed January 26, 1996; and Winn Dixie Raleigh, Inc., is self-insured.

Rule 4:1(b)(3) provides "a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this Rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent), only upon a showing that the party seeking discovery has substantial need of the materials . . . and that he is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means."

The question, obviously, to be answered is, were these documents prepared in anticipation of litigation; or were they mainly prepared in the

ordinary course of business. While there are few Virginia Supreme Court cases on the subject, the language of Rule 26(b)(3) of the Federal Rules of Civil Procedure is virtually identical to that of Va. Rule 4:1(b)(3), and several federal cases have interpreted its language.

As stated in *National Union Fire Ins. v. Murray Sheet Metal Co.*, 967 F.2d 980 (4th Cir. 1992):

> We take notice of the fact that members of society tend to document transactions and occurrences to avoid the foibles of memory and to perpetuate evidence for the resolution of future disputes. And because litigation is an ever-present possibility in American life, it is more often the case than not that events are documented with the general possibility of litigation in mind. Yet, "[t]he mere fact that litigation does eventually ensue does not, by itself, cloak materials" with work product immunity. *Binks Mfg. Co. v. National Presto Indus., Inc.*, 709 F.2d 1109, 1118 (7th Cir. 1983). *See also Janicker v. George Washington Univ.*, 94 F.R.D. 648, 650 (D. D.C. 1982). The fact that a defendant anticipates the contingency of litigation resulting from an accident or an event does not automatically qualify an "in house" report as work product. The document must be prepared because of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation. Thus, we have held that materials prepared in the ordinary course of business or pursuant to regulatory requirements or for other non-litigation purposes are not documents prepared in anticipation of litigation within the meaning of Rule 26(b)(3). *See Goosman v. A. Duie Pyle, Inc.*, 320 F.2d 45, 52 (4th Cir. 1963).

In *State Farm Fire & Cas. Co. v. Perrigan*, 102 F.R.D. 235 (W.D. Va. 1984), the court noted the distinction between documents prepared in anticipation of litigation and those mainly prepared in the ordinary course of business: "The nature of the insurance business requires an investigation prior to the determination of the insured's claim. Most courts have held that statements taken by an insurance adjuster in the normal course of a claim are made during the regular course of the insurer's business, not in anticipation of a trial, and are therefore discoverable." Citing, *McDougall v. Dunn*, 468 F.2d 468, 473 (4th Cir. 1972), 102 F.R.D. 235 at 237.

With these principles in mind and after reviewing the documents in question, I am of the opinion that they were prepared in the ordinary course of business and not in anticipation of litigation and are therefore discoverable. (I note that one of these documents has the notation "Prepared in anticipation of litigation." As my grandfather used to say, "You can call a mule 'Man o'war,' but that won't make him a racehorse.")