## CIRCUIT COURT OF ALLEGHANY COUNTY

Sherry L. Taylor·

v.

David Ray McCallister

September 19, 1996

Case No. CL96-68

BY JUDGE DUNCAN M. BYRD, JR.

On September 6, 1996, the Court heard argument upon two pre-trial Discovery Motions. At the conclusion of the hearing, the Court reserved judgment pending a review of the record. The Court subsequently received Mr. Updike's letter and Mr. Ballou's letter, both dated September 12, 1996.

The first issue is one of work product. (Rule 4:1(b)(3)). On August 5, 1996, plaintiff's counsel arranged to tape record and transcribe a hearing in General District Court relating to traffic offenses arising out of the accident which is the subject of this litigation. Defendant's representative was also present at the hearing but did not record the proceeding. Defendant seeks a copy of plaintiff's transcript. Plaintiff alleges the transcript is protected as privileged work product. Rule 4:1(b)(3) provides for discovery of documents, etc., notwithstanding the fact that they may have been prepared in anticipation of litigation upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the material by other means.

The Court concludes that the defendant has made such a showing. Even though the defendant had the same opportunity to tape and transcribe the proceeding, he did not do so. Especially since plaintiff has the transcript in question, the defendant also has a substantial need for the material in preparation of the case. In addition, there exists no other method to obtain

the material by other means. Upon tender of reasonable costs of duplication, the defendant is entitled to a copy of the transcript.

The second issue relates to the currently popular issue relating to discoverability of defendant's insurance adjuster and insurance company files. This Court has recently had the opportunity to address this issue. Consistent with its earlier ruling, the Court will adopt what has commonly become known as a case by case approach which was adopted by U. S. District Judge Glen M. Williams of the Western District in the case of *State Farm Fire & Cas. Co. v. Perrigan*, 102 F.R.D. 235 (W.D. Va. 1984). More specifically stated, the test is:

> [w]hether in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is not work product immunity for documents prepared in the regular course of business rather than for purposes of litigation . . . . This approach realistically recognizes that at some point, an insurance company shifts its activity from the ordinary course of business to anticipation of litigation, and no hard and fast rule governs when this change occurs . . . . This distinction lies at the pivotal point "where the probability of litigating the claim is substantial and imminent," . . . or where "litigation was fairly foreseeable at the time the memorand[um was] prepared . . . ." Thus, the decision whether the insurance company's investigatory reports are discoverable depends upon the facts of each case.

*Id.*

Applying this test to the case at hand, the Court concludes that the "bright line" occurred in this case upon receipt of plaintiff Aimee Johnson's letter of representation by Mr. Pasco, dated September 6, 1994. This was closely followed by Mr. Wilson's conversation with Kim Jones of Virginia Farm Bureau on September 9, 1994, of similar import with respect to Plaintiff Sherry Taylor. While there is some indication of Mr. Wilson's representation of Plaintiff Taylor prior to August 25, 1994, the Court lacks sufficient information to conclude that the "pivotal point" was reached prior to September 5, 1994. Accordingly, "otherwise discoverable information" of a *factual nature*, including statements of parties and witnesses acquired prior to September 5, 1994, are discoverable.