## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Helen Covington, Adm'x

v.

Eddie Calvin et al.

November 25, 1996

Case No. CL96-30

By Judge William H. Ledbetter, Jr.

In this discovery dispute, the issue is whether a defendant in an automobile accident case can obtain by subpoena duces tecum the complete investigatory files of an accident reconstruction consultant employed by a co-defendant's insurance carrier.

### Background Facts

This litigation is the result of a multiple-vehicle accident that occurred on Interstate 95 on September 17, 1994. The plaintiff's decedent was killed; several other persons were seriously injured.

The plaintiff instituted this wrongful death action on January 26, 1996, against the drivers of two of the other vehicles involved in the accident, Calvin and O'Connor, and Calvin's employer, Poole Truck Line. (She also gave statutory notice to the uninsured motorist carrier.)

After the parties were at issue, the case was fixed for trial on May 15-16, 1997. A pre-trial conference was held, and a discovery scheduling order was entered. The parties proceeded with discovery.

Calvin and Poole Truck Line asked the clerk to issue a subpoena duces tecum directed to Traffic Safety Consultants, Inc., for a complete copy of its file "omitting nothing therefrom" pertaining to its investigation of the accident. (Calvin and Poole Truck Line also requested that the clerk issue a subpoena duces tecum to State Farm Mutual Automobile Insurance Company for a complete copy of its investigation file "omitting nothing therefrom" pertaining to the accident. However, the movants concede that

the focus of their interest in the insurance carrier's file is the material generated for the carrier by Traffic Safety Consultants.)

Traffic Safety Consultants was retained by State Farm, O'Connor's insurance carrier, to conduct accident reconstruction tests and otherwise to investigate the accident.

When O'Connor objected, Calvin and Poole Truck Line filed a motion to compel discovery. O'Connor moved to quash the subpoenas. The matter was argued on November 18, 1996.

### Decision

Rule 4:9(c) allows a party to file a request with the clerk for a subpoena duces tecum directed to a nonparty for the production of documents and tangible things. Upon motion of the person required to produce or of the party against whom such production is sought, the court may quash or modify the subpoena if it is unreasonable and oppressive, or the court may impose certain restrictions.

Rule 4:1(b)(3) provides that a party may obtain discovery of documents and tangible things, if otherwise discoverable.

> prepared in anticipation of litigation or for trial by or for another party or by or for another party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theory of an attorney or other representative of a party concerning the litigation.

Calvin and Poole Truck Line contend that the materials are discoverable because they were prepared prior to the date this suit was commenced in the ordinary course of business. O'Connor argues that the materials are not discoverable because they are "work product." Both positions are too simplistic. Further analysis is required.

Taking O'Connor's argument first, there is no particular magic in the words "work product." Historically, the phrase referred to materials generated by or at the direction of an attorney, on behalf of a client, in preparation for litigation. The so-called American work product doctrine

protects such materials with a qualified immunity from disclosure. In most respects, the doctrine has been incorporated in Rule 4:1(b)(3). See discussions in Bryson, *Handbook on Virginia Civil Procedure* (2nd ed. 1989), pp. 338-341; and Middleditch and Sinclair, *Virginia Civil Procedure* (2nd ed. 1992), pp. 542-543. Also see *Rakes v. Fulcher*, 210 Va. 542 (1970).

The work product doctrine is distinguished from the more impenetrable attorney-client privilege. The privilege applies to communications between attorney and client and arises when the relationship is first established. Thus, an attorney's work product may contain privileged communications between the attorney and client, but it also may, and usually does, consist of much more, some of which may be immunized and some of which may not be immunized, depending on the facts and circumstances.

This controversy does not involve an attorney's work product. According to the arguments of counsel on November 18th, the materials sought were not prepared by or at the direction of O'Connor's attorney. Instead, they were generated by an expert consultant hired by O'Connor's insurance carrier.

Nevertheless, the same Rule that governs discovery of an attorney's work product also governs discovery of similar material prepared by a party's "representative." "Representative" includes not only a party's attorney, but a party's "consultant, surety, indemnitor, insurer, or agent." Rule 4:1(b)(3). Tracking Fed. R. Civ. P. 26(b)(3), the Virginia Rule extinguishes any confusion about whose "work product" is preserved.

The materials covered by the Rule are discoverable even if made in anticipation of litigation if (1) they are relevant to the subject matter of the litigation, (2) the requesting party can show substantial need of them, and (3) their substantial equivalent cannot be obtained without undue hardship. Nevertheless, the court must protect against disclosure of "mental impressions, conclusions, opinions, or legal theories" of the party's representative.

It is evident that the materials sought here were prepared by or for O'Connor's representative. Thus, the materials are cloaked with qualified immunity if they were prepared in anticipation of litigation; conversely, they enjoy none of the protections of Rule 4:1(b)(3) if they were prepared in the ordinary course of business and not in anticipation of litigation.

Returning to the argument of Calvin and Poole Truck Line, their contention that these materials were not prepared in anticipation of litigation because their preparation predates this lawsuit is a non sequitur.

Material may in fact be prepared in anticipation of litigation long before a lawsuit is actually filed.

This court rejects the notion that a bright line is to be drawn at the moment a lawsuit is commenced for the purpose of determining whether materials have been prepared in anticipation of litigation. If the Supreme Court had intended to adopt a Rule of Court that protects the material described in Rule 4:1(b)(3) from disclosure only if the material was prepared after suit commences, it would have done so. Such a provision would have been simple and straightforward. Instead, the Rule was deliberately drafted to extend protection to materials prepared "in anticipation of litigation." "Anticipation" denotes a future event. One "anticipates" litigation before it has begun, not after it has commenced. After litigation begins, materials ordinarily are prepared "for trial." The fact that the Rule extends protection to materials prepared "in anticipation of litigation" as well as "for trial" — both phrases are used — strengthens this conclusion.

At the hearing on November 18th, no evidence was presented. Counsel for Calvin and Poole Truck Line simply asserted that the materials were prepared by or at the behest of O'Connor's insurer prior to the time this suit was instituted, and counsel for O'Connor did not deny the assertion. Because this court declines to draw a bright line at the date the litigation was initiated, that assertion, even if correct, is not dispositive of the controversy.

Subsequent to the hearing, Calvin and Poole Truck Line submitted a memorandum in which they conceded that the "more balanced approach" adopted by a number of federal courts working with Fed. R. Civ. P. 26 may be preferable to the bright line approach they advocated at the hearing in this case. Among the cases to which they refer is *State Farm v. Perrigan*, 102 F.R.D. 235 (W.D. Va. 1984).

In *Perrigan*, the court reviewed the many federal court rulings, notes of the advisory committee that drafted the federal rule, and legal commentaries. The court quoted with approval a broad test suggested by the authors of a leading treatise on the subject:

> Whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.

The *Perrigan* court concluded that this test "realistically recognizes that at some point an insurance company shifts its activity from the ordinary

course of business to anticipation of litigation, and no hard and fast rule governs when this change occurs." This distinction lies at the pivotal point "where the probability of litigating the claim is substantial and imminent." Thus, the decision whether the insurance company's investigatory reports are discoverable "depends upon the facts of each case."

This court, without necessarily adopting the "substantial-and-imminent" portion of the test, holds that the approach discussed in *Perrigan* is consistent with the greater weight of federal and state authority and is the appropriate analysis of discoverability of investigatory materials under Rule 4:1(b)(3).

However, the court is unable to grant discovery because the parties have not favored the court with any evidence about the facts and circumstances surrounding the investigation and the generation of the documents sought.

It is significant that the materials in question are products of an investigation of a multiple-vehicle accident involving a fatality and several serious injuries conducted by an expert consultant hired by one of several insurers. This fact alone distinguishes these materials from mere witness statements routinely obtained by adjusters and increases the likelihood that these materials were prepared not as a routine matter in the course of business but genuinely in anticipation of substantial litigation.

Given the nature of the materials sought and the circumstances of the case — or so much of it as is known to the court at this juncture — the court cannot determine on this record that these materials were not prepared in anticipation of litigation and thus are outside the scope of Rule 4:1(b)(3). Further, the court refuses to hold that the burden is on State Farm to establish that the materials were prepared in anticipation of litigation simply because an adversary asserts, without evidence, that their preparation predated commencement of this suit. Accordingly, discovery cannot be granted.

Of course, even if these materials are within the protection afforded by the Rule, the protection is not absolute. Calvin and Poole Truck Line may obtain discovery *if* they could show a "substantial need" of the materials in preparation of their case and that they would be "unable without undue hardship to obtain the substantial equivalent of the materials by other means." These issues were not addressed in arguments.

Finally, it must be noted that even if the materials were otherwise discoverable under the qualified immunity of Rule 4:1(b)(3), the court would have to protect against disclosure of the "mental impressions, conclusions, opinions, or legal theories" of the consultant and the insurer, who are

"representatives" of O'Connor. Because of the breadth of the subpoenas and the fact that this problem was not addressed by counsel, the court has no means by which to afford such protection to O'Connor and his representatives.

## Conclusion

For the foregoing reasons, O'Connor's objection to the subpoenas duces tecum will be sustained and the subpoenas will be quashed. The motion to compel filed by Calvin and Poole Truck Line will be denied.

## Epilogue

The court does not mean to suggest that Calvin and Poole Truck Line have no access whatever to O'Connor's expert. Rule 4:1(b)(4) sets forth the discovery procedures for ascertaining facts and opinions held by experts, especially those experts who are expected to be called as witnesses at trial. See also Middleditch and Sinclair, *supra*, pp. 543, *et seq.* Further, full discovery still may be available consistent with Rule 4:1(b)(3) upon subsequent motion and hearing, done within the time frame established in the scheduling order, provided the court is supplied with the requisite facts.